IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 10, 2010

## JAMES EDWARD BOSTIC, JR., a.k.a. JAMES EDWARD DALTON
v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2006-D-3195       J. Randall Wyatt, Judge**

---

**No. M2010-00290-CCA-R3-PC - Filed September 19, 2011**

---

Petitioner, James Edward Bostic, Jr., appeals from the trial court's summary dismissal of his petition for post-conviction relief. The record reflects that on February 7, 2007, Petitioner pled guilty in the Criminal Court of Davidson County to aggravated burglary, a Class C felony, and received a sentence of seven years and six months as a Range II offender pursuant to a negotiated plea agreement, with the manner of service to be determined by the trial court. The trial court ordered the sentence to be served in community corrections, and judgment was entered June 26, 2007. On August 7, 2009, the trial court entered an order which revoked the community corrections sentence and ordered the original sentence of seven years and six months to be served by incarceration. Petitioner filed his *pro se* petition for post-conviction relief on November 30, 2009. The petition alleged as grounds for relief that the conviction was based on an unlawfully induced guilty plea and that he received ineffective assistance of counsel. The factual allegations of ineffective assistance of counsel pertained to representation at the community corrections revocation proceedings. On January 5, 2010, the trial court dismissed the petition without an evidentiary hearing or appointing counsel, on the basis that the petition was barred by the one year statute of limitations for post-conviction proceedings found in Tennessee Code Annotated section 40-30-102(a). In light of, and based upon the court's holding in *Carpenter v. State*, 136 S.W.3d 608 (Tenn. 2004) and *Anthony L. Grant, Jr. v. State*, No. M2007-00052-CCA-R3-PC, 2008 WL 4169985 (Tenn. Crim. App. Sept. 8, 2008), *no perm. app. filed*, we affirm the trial court's order insofar as it dismissed the post-conviction petition as to the original conviction. However, as to the petitioner's claims of ineffective assistance of counsel in the community corrections revocation proceedings, we reverse the judgment of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Affirmed in Part; Reversed and Remanded in Part**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

James Edward Bostic, Jr., Clifton, Tennessee, *pro se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

As aptly stated by this Court in *Anthony L. Grant, Jr.*,

Tennessee's Post-Conviction Procedure Act provides that a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2006). "As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed." *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996) (citing Tenn. R. App. 4(a) and (c)).

There are few exceptions to this limitations period. The Post-Conviction Procedure Act provides that a petition may be filed beyond the expiration of the one-year limitations period if the otherwise untimely claim (1) is based on a constitutional right that did not exist at trial, (2) is based on new scientific evidence, or (3) seeks relief from a sentence that was enhanced because of a previous conviction that was later held to be invalid. Tenn. Code Ann. § 40-30-102(b)(1)-(3). Additionally, the one-year limitations may not deny a petitioner a reasonable opportunity to assert a claim in a meaningful time and manner when the failure to file in a timely manner is due to circumstances beyond a petitioner's control. *State v. McKnight*, 51 S.W.3d 559, 563 (Tenn. 2001); *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

*Anthony L. Grant, Jr.*, 2008 WL 4169985 at, *2.

As in *Anthony L. Grant, Jr.*, Petitioner's case does not involve applicability of any of the statutory or due process exceptions to the statute of limitations. The judgment of

conviction for aggravated burglary was entered June 26, 2007. Petitioner did not appeal the manner of service imposed by the trial court. Thus, the post-conviction petition filed on November 30, 2009, was clearly filed outside the applicable one year statute of limitations insofar as it attacks the original conviction.

However, in *Carpenter*, our Supreme Court, in ruling on a question of first impression, held, "the issue of ineffective assistance of counsel in a revocation of a community corrections sentence may be raised in a post-conviction proceeding." *Carpenter*, 136 S.W.3d at 612.

In *Carpenter*, the petitioner's post-conviction petition attacked only the revocation of his community corrections sentence, based upon ineffective assistance of counsel, and did not challenge the original conviction. *Id*. at 610. The trial court dismissed the petition based upon the ground that the right to effective assistance of counsel does not apply in a revocation hearing. The Tennessee Court of Criminal Appeals reversed. On appeal to the Tennessee Supreme Court, the Court noted,

> The State contends that the Court of Criminal Appeals erred in holding that a post-conviction petition may properly challenge the revocation of a community corrections sentence. The State concedes that a petitioner whose community corrections sentence has been revoked may attack the *later re-sentencing* in a post-conviction proceeding, but it asserts that the Post-Conviction Procedure Act does not provide for post-conviction relief from an order revoking a community corrections sentence. The State argues that the Court of Criminal Appeals erred in determining that a community corrections revocation could not be separated from the later re-sentencing and also erred in refusing to apply analogous case law that bars post-conviction challenges to the revocation of probation.

*Id*.

The Supreme Court rejected the State's argument, and affirmed the Court of Criminal Appeals. The Supreme Court, as did the Court of Criminal Appeals, distinguished *Young v. State*, 101 S.W.3d 430 (Tenn. Crim. App. 2002), which holds that an order revoking probation "is not a 'sentence' that may be challenged under the Post-Conviction Procedure Act." *Carpenter*, 136 S.W.3d at 611. Noting significant differences between the revocation of a community corrections sentence and the revocation of probation, including that the trial court in community corrections revocation proceedings has the *authority* to order a longer sentence, the Supreme Court declined to extend *Young* to community corrections proceedings. *Id*. at 612. In *Carpenter*, the Supreme Court, in no uncertain terms, held that

a petitioner in a post-conviction proceeding may raise the issue of ineffective assistance of counsel during the revocation of a community corrections sentence proceeding, as well as the portion of the proceeding involving possible re-sentencing. No exception to this ruling was made for the circumstance when the original sentence is not increased after a community corrections sentence is revoked.

Accordingly, in *Anthony L. Grant, Jr*., this Court held that "the trial court need not 'resentence' a defendant - - i.e., extend the length of the defendant's sentence - - upon revoking a defendant's community corrections sentence for the defendant to have the right to file a post-conviction petition." *Anthony L. Grant, Jr*., 2008 WL 4169985 at, *4.

The trial court erred in its order to the extent it summarily dismissed the petition as it relates to claims of ineffective assistance of counsel during the community corrections revocation proceeding. All other claims in the petition were properly dismissed.

## CONCLUSION

The judgment of the post-conviction court is affirmed in part and reversed in part. The case is remanded to the post-conviction court for appointment of counsel and additional proceedings consistent with the Post-Conviction Procedure Act. On remand, Petitioner is limited to asserting post-conviction claims associated with the trial court's August 2009 order revoking the community corrections sentence.

_____
THOMAS T. WOODALL, JUDGE