IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 11, 2004 Session

## MICHAEL W. CARPENTER v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 00-I-1154     Seth Norman, Judge**

---

**No. M2002-02187-SC-R11-PC - Filed June 24, 2004**

---

We granted review to determine whether the revocation of a community corrections sentence may be challenged in a post-conviction petition on the ground of ineffective assistance of counsel. The trial court found that the petitioner could not collaterally attack the revocation of his community corrections sentence in a post-conviction proceeding and dismissed the post-conviction petition. The Court of Criminal Appeals reversed the trial court's judgment and remanded for further proceedings. After reviewing the record and applicable authority, we agree with the Court of Criminal Appeals' conclusion that a petitioner may challenge the revocation of a community corrections sentence in a post-conviction proceeding and that the trial court erred in dismissing the petitioner's post-conviction petition. We therefore affirm the Court of Criminal Appeals' judgment and remand to the trial court for further proceedings.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals
Affirmed; Case Remanded to the Trial Court**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; David H. Findley, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Jon P. Seaborg, Assistant District Attorney General, for the Appellant, State of Tennessee.

Thomas F. Bloom, Nashville, Tennessee, for the Appellee, Michael W. Carpenter.

## OPINION

## Background

On December 19, 2000, the petitioner, Michael W. Carpenter, pleaded guilty in the Criminal Court of Davidson County, Tennessee, to one charge of felony theft and one charge of misdemeanor theft. He was sentenced by the trial court as a Range II multiple offender to six years for the felony theft and eleven months, twenty-nine days for the misdemeanor theft, to be served concurrently. The trial court found that because Carpenter was convicted of a property-related felony, he was eligible for a community-based alternative to incarceration pursuant to Tennessee Code Annotated section 40-36-106. The trial court ordered Carpenter to serve his sentence in a community corrections program as authorized by Tennessee Code Annotated section 40-36-302, which, in this case, was the Davidson County Drug Court.

On April 30, 2001, the State filed a revocation warrant and a supporting affidavit seeking to revoke Carpenter's community corrections sentence. The affidavit alleged he had violated the terms of his community corrections sentence by failing to return to the "Drug Court Residential Program" following a medical appointment on April 28, 2001. He was taken into custody on May 2, 2001. Because he was indigent, an attorney was appointed to represent him in the revocation hearing.

After conducting a hearing, the trial court revoked Carpenter's community corrections sentence. The trial court also imposed a new sentence of eight years imprisonment, which exceeded the original sentence of six years, but granted credit as required for approximately five months served in custody prior to his two sentencing hearings.

On July 22, 2002, Carpenter filed a post-conviction petition challenging the revocation of his community corrections sentence which alleged that he was denied his constitutional right to the effective assistance of counsel during the revocation and resentencing hearing.[1] The trial court dismissed the petition for failing to state a cognizable claim after concluding that the right to effective assistance of counsel does not apply in a revocation hearing. See Tenn. Code Ann. §§ 40-30-101 to -122 (2003) ("Post-Conviction Procedure Act").

On appeal, the Court of Criminal Appeals reversed the trial court's judgment, holding that a judgment following a community corrections revocation and resentencing hearing, in which a defendant may receive a sentence greater than the sentence originally imposed, may be collaterally attacked pursuant to the Post-Conviction Procedure Act. The court explained that even though the revocation of community corrections and the resentencing may be considered separate proceedings, both decisions are, in practice, frequently made after a single hearing. Moreover, the court emphasized that the evidence supporting revocation could also be relevant to resentencing. The

---

[1] The petitioner did not directly appeal the revocation and resentencing, but contended that he had newly discovered evidence as to the grounds for revocation and that the trial court erred in failing to recuse itself. The Court of Criminal Appeals found these issues were without merit, and they were not raised on appeal to this Court.

court therefore remanded to the trial court for further proceedings on Carpenter's post-conviction petition.

We granted review.

## Analysis

The issue of whether the revocation of a community corrections sentence may be challenged in a post-conviction petition on the ground of ineffective assistance of counsel presents a question of first impression before this Court.

The State contends that the Court of Criminal Appeals erred in holding that a post-conviction petition may properly challenge the revocation of a community corrections sentence. The State concedes that a petitioner whose community corrections sentence has been revoked may attack the later resentencing in a post-conviction proceeding, but it asserts that the Post-Conviction Procedure Act does not provide for post-conviction relief from an order revoking a community corrections sentence. The State argues that the Court of Criminal Appeals erred in determining that a community corrections revocation could not be separated from the later resentencing and also erred in refusing to apply analogous case law that bars post-conviction challenges to the revocation of probation.

The petitioner, Michael Carpenter, argues that the Court of Criminal Appeals did not err in holding that the right to effective assistance of counsel applies to the revocation of a community corrections sentence. Carpenter asserts that the Court of Criminal Appeals correctly reasoned that it is impractical to distinguish claims challenging the revocation of a community corrections sentence from claims challenging the resentencing. Moreover, Carpenter contends that the Court of Criminal Appeals properly emphasized that the same evidence that leads the trial judge to order revocation may also influence the resentencing.

We begin our analysis of this issue by reviewing the Tennessee Community Corrections Act of 1985 ("the Act"). Tenn. Code Ann. §§ 40-36-101 to -106 (2003). This Court has recognized that the purpose of the Act is "to 'establish a policy within the state to punish selected, nonviolent felony offenders' in . . . community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders." State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001) (quoting Tenn. Code Ann. § 40-36-103(a) (1997)). The Act authorizes a sentencing court to sentence an eligible defendant to an appropriate community-based alternative to incarceration under such terms and conditions that the court prescribes. Tenn. Code Ann. § 40-36-106(e)(1) (2003).

Following the imposition of a community corrections sentence, the trial court "shall retain the authority to alter or amend at any time the length, terms or conditions of the sentence imposed." Tenn. Code Ann. § 40-36-106(e)(2) (2003). The trial court also has the authority to revoke a community corrections sentence and to impose resentencing:

> The court shall . . . possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4) (2003). It is apparent from the foregoing that community corrections is a distinctly different sentencing scheme than probation. One principal difference is that the community corrections sentencing scheme authorizes the trial court to impose a new sentence for any period of time up to the maximum sentence for the offense committed upon revocation of community corrections. Id.

The issue of whether the trial court's revocation of a community corrections sentence may be challenged in a post-conviction proceeding is not addressed in the Act or in our prior case law. As the parties note, however, the Court of Criminal Appeals has previously addressed the analogous issue of whether a probation revocation may be challenged in post-conviction proceeding. In Young v. State, 101 S.W.3d 430, 432 (Tenn. Crim. App. 2002), the intermediate court held that an order revoking probation merely ends the probation term, reinstates the original sentence, does not impose a new sentence, and is not a "sentence" that may be challenged under the Post-Conviction Procedure Act. In short, the court concluded that "an order revoking suspension of sentence or probation typically ends the period of suspension of the execution of the original term and mandates that the original sentence be carried out." Id. at 432.

We agree with the Court of Criminal Appeals' conclusion that Young is inapplicable to the present case. A revocation of a community corrections sentence, unlike the revocation of probation, presents the additional issue of resentencing. See Tenn. Code Ann. § 40-36-106(e)(4) (2003). Community corrections revocation proceedings present two major issues: first, whether the terms of the community corrections sentence have been violated, and second, what sentence should be imposed if a revocation is warranted. See Tenn. Code Ann. § 40-36-106(e)(4) (2003). As the State concedes, a petitioner may challenge the resentencing which follows revocation of community corrections in a post-conviction proceeding based on an allegation of ineffective assistance of counsel.

Following a revocation of a community corrections sentence, the trial court exercises the same discretion in resentencing as did the initial sentencing court. Tenn. Code Ann. §§ 40-36-106(e)(2), (e)(4) (2003). The trial court has the authority, upon considering the evidence in the revocation and resentencing hearing, to order a new and longer sentence than had initially been ordered. See Tenn. Code Ann. § 40-36-106(e)(4) (2003). Such authority was exercised in the case at bar. Another important difference between the revocation of probation and the revocation of a community corrections sentence is that a defendant whose probation is revoked is not entitled to

credit toward the sentence for time on probation, while a defendant whose community corrections sentence is revoked is entitled to credit toward the sentence for time spent in community corrections prior to the revocation.  See id.  Given these significant distinctions between the revocation of a community corrections sentence and the revocation of probation, we decline to extend Young to the community corrections context.

In reaching this conclusion, we also agree with the Court of Criminal Appeals' practical observation that the revocation of a community corrections sentence and resentencing are often addressed in the same hearing and are irretrievably intertwined.[2]  For example, the trial court will necessarily in resentencing consider the defendant's behavior in the performance of his or her community corrections sentence.  In such cases, there is simply no effective way to discern ineffectiveness of counsel that prejudices a defendant as to the issue of revocation from ineffectiveness of counsel that prejudices the defendant as to the issue of resentencing.  Indeed, an attorney's ineffectiveness in the "revocation portion" of a community corrections revocation hearing may very well affect the "resentencing portion" of the same proceeding in the form of a sentence that is greater than the sentence originally imposed.  As noted above, the State has conceded that the issue of ineffectiveness of counsel during resentencing may be raised in a post-conviction proceeding.

Accordingly, we conclude that the issue of ineffective assistance of counsel in a revocation of a community corrections sentence may be raised in a post-conviction proceeding.

### Conclusion

After reviewing the record and applicable authority, we agree with the Court of Criminal Appeals' conclusion that a petitioner may challenge the revocation of a community corrections sentence in a post-conviction proceeding and that the trial court erred in dismissing the petitioner's post-conviction petition.  We therefore affirm the Court of Criminal Appeals' judgment and remand to the trial court for further proceedings.  Costs on appeal are taxed to State of Tennessee.

E. RILEY ANDERSON, JUSTICE

---

[2] While the State correctly points out that post-conviction allegations often may be divided into cognizable and non-cognizable claims, the examples of non-cognizable issues it provides, e.g., newly discovered evidence, recusal, the length of the sentence, and ineffective assistance of counsel in a prior post-conviction proceeding, are clearly distinguishable from the constitutional claim of ineffective assistance of counsel alleged by Carpenter in this case.