# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 5, 2005

## PATRICK S. RILEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-E-2085      Seth Norman, Judge**

_____

**No. M2004-01726-CCA-R3-PC - Filed August 9, 2005**

_____

On May 24, 2004, the petitioner, Patrick S. Riley, filed a petition for post-conviction relief that challenged his January 11, 2002 conviction of aggravated burglary. The post-conviction court dismissed the petition as being barred by the statute of limitations set forth in Tennessee Code Annotated section 40-30-102(a) (2003). The petitioner now appeals. We affirm the dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and J.C. MCLIN, JJ., joined.

Patrick S. Riley, Appellant, *Pro Se*.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The record reflects that the petitioner's judgment of conviction of aggravated burglary was entered in the Davidson County Criminal Court on January 11, 2002. His resulting probation was revoked by order entered July 9, 2003, and the court placed the petitioner on community corrections on that date. The community corrections placement was revoked by order entered October 1, 2003. Subsequently, the petitioner moved for a "suspended sentence," and apparently the trial court denied the motion by order entered on May 3, 2004. The post-conviction petition was filed on May 24, 2004. After the post-conviction court dismissed the petition as being time-barred, the petitioner filed a timely notice of appeal.

The petition for post-conviction relief from the petitioner's *conviction*, which the present petition appears to be, is barred by the provisions of Tennessee Code Annotated section 40-

30-102(a) (2003). To be timely, when no appeal from the conviction was filed, the petition must be filed within one year of the date on which the judgment became final. *Id.* The petitioner filed his petition more than two years after his guilty-pleaded conviction judgment was entered. Thus, the claim for post-conviction relief from the *conviction* is barred.

Having said that, we acknowledge "that a petitioner may challenge the revocation of a community corrections sentence in a post-conviction proceeding." *See Carpenter v. State*, 136 S.W.3d 608, 612-23 (Tenn. 2004). We have reviewed the petition in this case to assess whether it may be fairly viewed as an attack upon the *community corrections revocation*. We note that the petition was filed within one year of the October 1, 2003 revocation of the petitioner's community corrections placement.

The form petition, including its lengthy attachment, is difficult to characterize. Some statements contained therein would support a conclusion that the petitioner is challenging his original conviction on the grounds that his plea agreement was not honored, and other statements suggest that the petitioner sought to challenge the trial court's May 3, 2004 denial of a motion for a suspended sentence. Most of the lengthy, hand-written attachment to the petition addresses the petitioner's grievances concerning the treatment he received at the hands of the drug court staff during his community corrections rehabilitation via the drug court program. The recounting of these experiences and grievances may be fairly viewed as the petitioner's defense to the charge of violation of his community corrections placement that culminated in the October, 2003 revocation.

Such a charitable view of the petition, however, avails the petitioner nothing. Although he asserts that the treatment he received by the rehabilitation staff violated his constitutional rights of due process and equal protection, we discern no claim that the *revocation* itself is constitutionally infirm. Post-conviction relief is only available when the challenged action is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2003).

Thus, even if we were to view the petition as a challenge to the October, 2003 revocation order, we conclude that the petition fails to state a colorable claim for post-conviction relief. "If the facts alleged [in the post-conviction petition], taken as true fail to show that the petitioner is entitled to relief . . . , the petition shall be dismissed." *Id*. § 40-30-106(f).

Accordingly, the dismissal of the petition is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE