IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2005

## BRIAN ALAN HANNA v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Wilson County**
**Nos. 02-0609, 02-0533     J.O. Bond, Judge**

---

**No. M2004-02198-CCA-R3-PC - Filed December 29, 2005**

---

The petitioner, Brian Alan Hanna, appeals from the Wilson County Criminal Court's summary dismissal of his petition for post-conviction relief from his conviction of theft of property valued over $1000, six forgery convictions, and effective sentence of eight years. He contends that the trial court erred in concluding that his petition was untimely filed and in denying his motion to discharge fines and costs. We affirm the trial court regarding the forgery convictions, but reverse the dismissal regarding the theft and remand the case to the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part;**
**Reversed in Part; Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and J.C. MCLIN, J., joined.

Harry A. Christensen, Lebanon, Tennessee, for the appellant, Brian Alan Hanna.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Howard Lee Chambers, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 11, 2002, the petitioner was indicted on sixteen counts of forgery and three counts of theft. On June 19, 2002, he pled guilty to one count of theft of property valued over $1000 but less than $10,000, a Class D felony, and six counts of forgery, a Class E felony. Approximately nine months later, a community corrections revocation warrant was issued and, on October 15, 2003, the petitioner was ordered to serve his sentences.

On July 2, 2004, the petitioner filed a pro se petition for post-conviction relief from the forgery and theft convictions. He contended that his guilty plea to the theft was involuntary because the trial court required him to enter such a plea to get community corrections. He claimed that he

received the ineffective assistance of counsel because his attorney knew that he did not commit the theft, did not share in the commission of the theft, and did not know his co-defendant's intent to commit the theft. Although he admitted passing or attempting to pass forged checks, he asserted that they were done on the same day and should have been considered as only one conviction for sentencing purposes. Finally, he claimed that due process was violated by the state not filing a notice to seek enhanced sentences. Ultimately, he requested that the forgery sentences run concurrently to each other and to the theft offense for an effective two-year sentence that would allow his immediate release because his time was served. The trial court summarily dismissed the petition, stating it was barred as untimely filed. See T.C.A. § 40-30-102(a).

In his brief in this court, the petitioner's entire argument consists of the following:

> 1. The Appellant would ask the Court to review the dates surrounding his plea Agreement and Petition for Conviction or Service upon existing record.
>
> 2. The Appellant would ask the Court to review his Motion to Discharge Fines And Costs, based upon Tenn. Code Ann. § 40-24-102. The trial court denied this Motion, despite the fact that the Appellant is indigent and, pursuant to Tenn. Code Ann. § 40-25-130 and, pursuant to Tenn. Code Ann. § 40-25-143, is having his limited income in jail, taxed by the Department of Correction for costs paid by the State.
>
> The Appellant would ask this Court to review the Denial of this Motion, upon the Existing Record.

Regarding the trial court's dismissal of the petition, a petitioner must file a petition for post-conviction relief within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). In this case, the judgments against the petitioner were entered on July 19, 2002, and became final thirty days later on August 18, 2002. See State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). The petition for post-conviction relief was filed on July 2, 2004.

We note, though, that our supreme court has held that a petitioner is entitled to attack the revocation and the resentencing which follows revocation of a community corrections sentence in a post-conviction proceeding based on the ineffective assistance of counsel. See Carpenter v. State, 136 S.W.3d 608, 611-12 (Tenn. 2004) (stating that the issue of ineffective assistance of counsel in a revocation of a community corrections sentence may be raised in a post-conviction proceeding because a revocation of a community corrections sentence, unlike the revocation of probation, presents the additional issue of resentencing). On the other hand, an order revoking probation merely ends the probation term, does not impose a new sentence, and, therefore, is not a sentence that may be challenged under the Post-Conviction Procedure Act. See Young v. State, 101 S.W.3d 430, 432-

33 (Tenn. Crim. App. 2002). In this regard, the initial inquiry in the present case relates to whether the sentences were community corrections sentences subject to post-conviction attack.

According to the judgments, the petitioner was sentenced as a Range I, standard offender to serve two years on community corrections pursuant to the Community Corrections Act for the theft conviction and one year on probation for each of the forgery convictions, with all sentences to run consecutively. The written request for acceptance of his guilty pleas for the forgery charges reflects an agreement that the defendant was to receive six one-year suspended sentences to be served on supervised probation. However, the written request for acceptance of his guilty plea to the theft charge provides for a two-year sentence consecutive to the six years received in the forgery cases with the theft sentence suspended. It then states that the "effective 8-yr sentence is to be served on Community Corrections and the terms and rules of that program." Also, the revocation warrants state that the trial court "suspended the imposition of sentence and placed the [petitioner] on Community Corrections for a term of **eight (8) years** in accordance with the provisions of the Title 40, Chapter 36 of the <u>Tennessee Code Annotated</u>." The revocation order is titled "COMMUNITY CORRECTIONS REVOCATION ORDER" and states that the petitioner's punishment was eight years to be served "pursuant to the Tennessee Community Correction[s] Act of 1985."

The written requests reflect that all the sentences were to be suspended and served on community corrections. A reasonable interpretation would be that all the sentences were to be suspended and that the community corrections program was to supervise the defendant as a condition of the suspended sentences. <u>See</u> T.C.A. § 40-36-106(f). Under these circumstances, the forgeries and the theft sentences would essentially be served on probation and any post-conviction petition attacking the convictions or the sentences would have had to be filed by August 18, 2003.

However, the record does not contain a transcript of the guilty plea hearings, and we are thus bound to view the sentences as reflected in the judgments. As noted, this means any attack upon the convictions and sentences to probation on the forgery offenses was time-barred as untimely filed. On the other hand, pursuant to <u>Carpenter</u>, any constitutional claim relating to the revocation of the community corrections sentence and resentencing for the theft offense would remain viable. Therefore, the petitioner was entitled to pursue a post-conviction claim regarding the revocation of his community corrections sentence and his resentencing for the theft offense.

In consideration of the foregoing and the record as a whole, we affirm the dismissal of the petitioner's petition for post-conviction relief from his six forgery convictions, but we reverse the dismissal of his petition for post-conviction relief from his theft conviction and remand the case for further proceedings.

_____
JOSEPH M. TIPTON, JUDGE