IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 28, 2009

**GREGORY D. MCDANIEL v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2004-B-1224     Cheryl Blackburn, Judge**

---

**No. M2008-01534-CCA-R3-PC - Filed June 12, 2009**

---

The petitioner appeals the summary dismissal of his petition for post-conviction relief. The petitioner asserts that he received ineffective assistance of counsel at his probation revocation proceedings. Upon review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Gregory D. McDaniel, Pro se, Only, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I.  Factual Background**

The petitioner pled guilty and was convicted of possessing .5 grams or more of cocaine for resale, a Class B felony, on February 4, 2005. He received an eight-year suspended sentence, and his probation was revoked on November 7, 2007. On June 13, 2008, the petitioner filed a post-conviction petition asserting that he received ineffective assistance of counsel at the probation revocation hearing. The petitioner contends that he involuntarily pled guilty to violating his probation. Specifically, he asserts that his attorney told him that the probation revocation was a "forgone conclusion" without investigating the new charges that had been filed against him and failed to advise him of his right to a hearing and his right to appeal the revocation.

In a written order, the post-conviction court dismissed the petition on the grounds that it was time-barred and failed to state a claim for relief under the Post-Conviction Procedure Act. We agree with the post-conviction court's assessment.

## II. Analysis

Initially, we note that a petitioner may seek post-conviction relief "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The Post-Conviction Procedure Act requires that petitions for post-conviction relief contain a "specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106(d). The post-conviction court may summarily dismiss the petition when "the facts alleged, taken as true, fail to show that the petitioner is entitled to relief." Tenn. Code Ann. § 40-30-106(f); see also Blair v. State, 969 S.W.2d 423, 424 (Tenn. Crim. App. 1997).

The petition for post-conviction relief in the present case challenges only the revocation of the petitioner's probation. However, the Post-Conviction Procedure Act "does not provide a cause of action for a collateral attack on a probation revocation proceeding." Young v. State, 101 S.W.3d 430, 431 (Tenn. Crim. App. 2002). An order revoking probation is not a "'sentence' subject to collateral attack under the provisions of the Tennessee Post-Conviction Procedure Act." Id. It only "ends the period of suspension of the execution of the original term and mandates that the original sentence be carried out." Id. at 432; see also Tenn. Code Ann. §§ 40-35-310 and -311; Carpenter v. State, 136 S.W.3d 608, 611 (Tenn. 2004) (distinguishing the revocation of a community corrections sentence from the probation revocation in the post-conviction context). The post-conviction court properly dismissed the petition for failing to state a claim for relief.

Moreover, the Post-Conviction Procedure Act contains a one-year statute of limitations that requires a petition for post-conviction relief to be filed within one year of the date on which the judgment became final. Tenn. Code Ann. § 40-30-102. The statute emphasizes that time "is of the essence of the right to file a petition for post-conviction relief" and that "the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a). Tennessee Code Annotated section 40-30-102(b) allows a petition to be filed outside the limitations period if: (1) the petition is based on a "final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required"; (2) the petition is based on new scientific evidence; or (3) the petition seeks relief from a sentence that was enhanced because of a previous conviction that was later held to be invalid. However, none of those exceptions apply in this case.

The petitioner pled guilty and was sentenced on February 4, 2005, and his judgment of conviction became final thirty days later. State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). He filed his petition for post-conviction relief on June 13, 2008, well beyond the one-year statute of limitations.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the post-conviction court's dismissal of the appellant's petition for post-conviction relief.

_____
NORMA McGEE OGLE, JUDGE