IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 15, 2011

**CHRISTOPHER JOHNSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Bradley County**
**No. M-10-712      Carroll L. Ross, Judge**

---

**No. E2011-00562-CCA-R3-PC - Filed March 28, 2012**

---

The Petitioner, Christopher Johnson, appeals as of right from the Bradley County Criminal Court's summary dismissal of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred by summarily dismissing his petition because it relied upon "unconstitutional" case law in determining that the petition failed to present a colorable claim for post-conviction relief. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Donna Robinson Miller, Chattanooga, Tennessee, for the appellant, Christopher Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Robert Steve Bebb, District Attorney General; and A. Wayne Carter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the petition and briefs filed by the Petitioner, he was originally convicted of two counts of possession of a controlled substance for resale and was sentenced to eight years on supervised probation. A revocation warrant was issued against the Petitioner alleging that he committed a new offense, and the trial court held a probation revocation hearing on December 7, 2009. The trial court concluded that a probation violation had occurred and ordered the Petitioner to serve the remainder of his sentence in confinement. According to the Petitioner, the charges regarding the new offense were ultimately dismissed in the summer of 2010.

The Petitioner filed a petition for post-conviction relief on November 15, 2010. In his petition, the Petitioner argued that he received ineffective assistance of counsel at his revocation hearing, that the revocation hearing was constitutionally suspect because the charges regarding the new offense were ultimately dismissed, and that some unspecified constitutional right was violated because the Petitioner's probation officer was biased against him despite the fact that she testified that she "had no bias or prejudice against [the] Petitioner." On February 16, 2011, the post-conviction court issued an order summarily dismissing the petition and citing this court's decision in Young v. State, 101 S.W.3d 430, 433 (Tenn. Crim. App. 2002), for the proposition that "the Tennessee Post-Conviction Procedures Act does not permit the filing of a petition under its provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation."

On appeal, the Petitioner contends that the post-conviction court erred in summarily dismissing his petition. The Petitioner argues that this court's decision in Young "is unconstitutional in that it provides no remedy for relief from the inadequate representation of defendants at probation revocation hearings." The Petitioner also argues that the Post-Conviction Procedures Act contains "no specific exclusion of probation revocation proceedings" and "the term 'sentence' could easily be interpreted to include the ordering of a sentence into execution." The Petitioner concludes that if the Post-Conviction Procedures Act "does not provide the adequate constitutional protection necessary," then the United States and Tennessee Constitutions "both require the right to effective assistance of counsel, and accordingly, there must be a remedy provided." The State responds that this court's decision in Young is clear that a petition for post-conviction relief cannot be used to collaterally attack the results of a probation revocation hearing.

Relief under this state's post-conviction procedure is limited to "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief may be summarily dismissed without an evidentiary hearing if the allegations in the petition do not "entitle petitioner to relief even if taken as true." Tenn. Sup. Ct. R. 28, § 5(F)(5).

In Young, a panel of this court concluded that an order revoking probation and mandating that a sentence originally imposed be carried out is neither a "conviction" nor a "sentence" for purposes of post-conviction review. 101 S.W.3d at 431. The results of a probation revocation hearing do not amount to a new conviction. As in this case, the petitioner in Young did not attack the underlying conviction at issue in the revocation hearing. After examining the statutes governing probation, the Young court determined that

a probation revocation order cannot be considered a "sentence" for post-conviction purposes either.  The court reasoned as follows:

> It [] appears that the "sentence" a criminal defendant receives is the period of time that the defendant could be incarcerated.  In contrast, an order revoking suspension of sentence or probation typically ends the period of suspension of the execution of the original term and mandates that the original sentence be carried out.  But it cannot be said that the order revoking suspension of sentence and probation imposes a new sentence subject to collateral attack under the Tennessee Post-Conviction Procedures Act.

Id. at 432 (citations omitted).  As such, the court in Young held that "the Tennessee Post-Conviction Procedures Act does not permit the filing of a petition under its provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation."  Id. at 433.  We see no reason to dispute the Young court's interpretation of the term "sentence" as used in the post-conviction statutes.[1]

Despite the clear holding of this court in Young, the Petitioner maintains that any interpretation of the Post-Conviction Procedures Act that does not allow for post-conviction review of a probation revocation hearing is somehow "unconstitutional." Our supreme court has repeatedly recognized "that post-conviction procedures are not constitutionally required." Pike v. State, 164 S.W.3d 257, 262 (Tenn. 2005) (citing Serrano v. State, 133 S.W.3d 599, 604 (Tenn. 2004)).  The Post-Conviction Procedures Act "is a statutory remedy, and the nature and availability of post-conviction relief lies within the discretion of the legislature." Id.  As such, there is no constitutional infirmity with this court's opinion that the Post-Conviction Procedures Act does not provide for post-conviction review of a probation revocation hearing.  Furthermore, while the right to counsel is constitutionally guaranteed in criminal cases, "the right to counsel at a [probation] revocation hearing is not constitutionally guaranteed." State v. Jerry N. Eldridge, No. M2004-01080-CCA-R3-CD, 2006 WL 359665, at *3 (Tenn. Crim. App. Feb. 16, 2006) (citing Gagnon v. Scarpelli, 411 U.S. 778, 789-90 (1973); Baxter v. Rose, 523 S.W2d 930, 936 (Tenn. 1975); Young v. State, 539 S.W.2d 850, 854 (Tenn. Crim. App. 1976)).  Therefore, we conclude that the Petitioner's argument on this issue is without merit.

The Petitioner also argues that his probation revocation hearing was somehow constitutionally suspect because the charges regarding the new offense were ultimately

---

[1]However, we note that a different rule applies when a post-conviction petitioner attacks the resentencing which follows revocation of a community corrections placement.  Carpenter v. State, 136 S.W.3d 608, 611-12 (Tenn. 2004).

dismissed.  However, "this court has previously held that a revocation may be premised upon proven allegations of a violation warrant, even if the criminal charges arising from those allegations have been dismissed or the defendant has been acquitted at trial."  State v. Agee Gabriel, No. M2002-01605-CCA-R3-CD, 2004 WL 1562551, at *2 (Tenn. Crim. App. July 12, 2004) (citing cases).  As such, we conclude that this argument is without merit.

The Petitioner also argues that an unspecified constitutional right was violated because the Petitioner's probation officer was biased against him when she testified at the probation revocation hearing.  The Petitioner asserts that the probation officer testified that she had no reason to be biased against the Petitioner despite the fact that she knew "that [the] Petitioner was scheduled to testify against [her] . . . first cousin in federal court."  However, in his brief the Petitioner failed to include any argument on this issue beyond his conclusory statements that the probation officer's actions somehow violated an unspecified constitutional right, failed to make any citations to authorities on this issue, and failed to make appropriate references to the record on this issue.  "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."  Tenn. Ct. Crim. App. R. 10(b); see also State v. Sanders, 842 S.W.2d 257, 260-61 (Tenn. Crim. App. 1992).  Therefore, we conclude that the Petitioner has waived this issue.  Accordingly, we conclude that the post-conviction court did not err in summarily dismissing the petition.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE