# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs at Jackson February 14, 2012

## STATE OF TENNESSEE v. JAMES MICHAEL ENGLAND

**Direct Appeal from the Circuit Court for Dickson County**
**Nos. 22CC- 2009-CR-446,- 629, and- 636; 2008-CR-505,- 699, -784, and 788; 2010-CR-196      George Sexton, Judge**

---

**No. M2011-00948-CCA-R3-CD - Filed June 19, 2012**

---

The defendant, James Michael England, appeals the Dickson County Circuit Court's revocation of his community corrections sentence. The trial court held a hearing on March 30, 2011, during which the defendant acknowledged his absence from his house during the home visits and his failure to report to the community corrections office. The court found the defendant in violation of his sentence to community corrections and ordered him to serve his remaining sentence in confinement. The defendant contends that the trial court abused its discretion because the defendant was in substantial compliance with the terms of his community corrections program. Because we find that the trial court did not abuse its discretion, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

William B.(Jake) Lockert, III, District Public Defender, and Richard D. Taylor, Jr., Assistant Public Defender, for the appellant, James Michael England.

Robert E. Cooper, JR., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Dan M. Alsobrook, District Attorney General; and Carey Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

On May 15, 2009, the defendant was convicted of seven counts of burglary, eight

counts of theft, and three counts of vandalism for the theft of property from a storage unit, the vandalism of a church and high school, and the theft of a number of all-terrain vehicles and a trailer. The defendant was sentenced to eight years of probation. On November 12, 2010, the defendant pled guilty to numerous offenses, including aggravated assault while displaying a weapon, vandalism, two counts of statutory rape, three counts of contributing to the delinquency of a minor, unauthorized use of a vehicle, evading arrest, driving with a revoked license, and reckless driving. The defendant was also found to be in violation of his probation.

As a result of the defendant's November 12, 2010 convictions, the defendant was placed on community corrections for a period of ten years. The defendant, by signing the order sentencing him to community corrections, agreed to obey all local, state, and federal laws, to report to his probation officer as instructed, to refrain from assaultive or threatening behavior, and to remain on house arrest as directed by his case officer.

On January 10, 2011, a warrant for violation of community corrections was issued against the defendant. The affidavit of the defendant's case worker, which accompanied the warrant, noted the defendant's arrest on December 11, 2010 for domestic assault against his brother, his arrest on December 21, 2010 for domestic assault against Ashley Cathy, and his absence from home during a home visit on December 28, 2010, while the defendant was confined to house arrest and not permitted to leave the house without approval from his case officer. An amended warrant was issued on February 17, 2011, which listed, in addition to the prior violations, the defendant's absence from his house during three home visits made on January 17, January 18, and January 22, 2011, and the defendant's failure to report to the community corrections office after January 13, 2011. The amended warrant also made a correction to one of the defendant's convictions, changing the conviction from aggravated assault to aggravated assault while displaying a weapon.

On March 30, 2011, the trial court held a hearing on the defendant's alleged violations of the terms of his community corrections sentence. At the hearing, the defendant's case officer testified that the defendant had reported regularly until January 13, 2011, that he did some of his community service work, that he passed his drug screenings, that he paid his fees and court costs, and that he was not disrespectful. She also testified that he was not at his house during a home visit on December 28, 2010, and that he was arrested on December 11, 2010 for domestic assault against his brother, Dustin England, and on December 21, 2010 for domestic assault against Ashley Cathy.

The defendant testified that the domestic assault charges were both dismissed in General Sessions Court and that he was absent on December 28, 2010 for a period of thirty minutes because his grandfather, who lived next door, had fallen out of his wheelchair and

needed assistance. He also testified that he was not home when a community corrections officer came to his house on January 17, January 18, and January 22. He was in Charlotte attempting to earn money to make bond for the two domestic assault charges and that he failed to report because a warrant for his arrest related to the domestic assault charges. The defendant also testified that if released to community corrections, he could afford to pay for an ankle monitor, would continue to pass his drug screenings, and had a job waiting for him. The trial court opted to revoke the defendant's community corrections sentence, reasoning that "[h]ouse arrest means house arrest. Mr. England violated the terms of house arrest. House arrest doesn't mean go to Charlotte to raise money to make bail for new charges you picked up or for any other reason." The court ordered the defendant to serve his remaining sentence in confinement.

The defendant appeals the trial court's finding that he was in violation of the terms of his sentence to community corrections because he contends that he was in "substantial compliance," that he behaved appropriately in "nearly all respects," and that the revocation would not serve the ends of justice.

**Analysis**

Tennessee Code Annotated section 40-36-106(e)(4) (2010), which addresses the revocation of a sentence to community corrections, grants the court "the power to revoke the sentence imposed at any time due to the conduct of the defendant" and allows the court to "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." Proceedings to revoke a community corrections sentence address two separate issues: whether the terms of the sentence have been violated, and if so, what sentence should be imposed. *Carpenter v. State*, 136 S.W.3d 608, 612 (Tenn. 2004). In the case at bar, the defendant contends that he should not have been revoked for his violations.

A trial court's decision to revoke a community corrections sentence is reviewed for abuse of discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion occurs when the record contains "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). While a mere accusation cannot justify revocation of a community corrections sentence, *Harkins*, 811 S.W.2d at 83 n.3, a revocation may properly be based on finding, by a preponderance of the evidence, that the defendant violated the terms of the agreement. *State v. Webb*, 130 S.W.3d 799, 842 (Tenn. Crim. App. 2003).

Here, the evidence, including the defendant's own testimony, overwhelmingly establishes that the defendant was absent from his home without permission during a period of house arrest and that he failed to report to his case worker. The defendant testified that he left town and failed to report because he was attempting to avoid incarceration for the domestic assault charges. He also acknowledged his absence from home on December 28, 2010. While the defendant may have complied with many of the twenty-two conditions of his sentence, he testified that he did not comply with all of them. We cannot say that there was no substantial evidence to support the trial court's finding that a violation had occurred. Furthermore, the defendant cites, and this Court is aware of, no case law which uses "substantial compliance" with the terms of a community corrections sentence as a consideration in reviewing whether the trial court committed an abuse of discretion.

## CONCLUSION

Because we find no abuse of discretion in the trial court's decision to revoke the defendant's sentence to community corrections, the judgment of the Dickson County Circuit Court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE