IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2017

**JAMES EDWARD BOSTIC, JR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2013-C-2607    Steve R. Dozier, Judge**

———————————

**No. M2017-00087-CCA-R3-PC**

———————————

The Petitioner, James Edward Bostic, Jr., appeals from the Davidson County Criminal Court's summary dismissal of his petition for post-conviction relief from his guilty plea conviction of possession with intent to manufacture, deliver, or sell less than one-half gram of cocaine, a Class C felony, for which he is serving a twelve-year sentence as a Range III, persistent offender. Because the post-conviction court erred in summarily dismissing his petition as untimely, we reverse its judgment and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

James Edward Bostic, Jr., Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; Glenn R. Funk, District Attorney General; Jenny Charles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The judgment relative to the Petitioner's conviction was filed on September 19, 2014, and it reflects that the Petitioner received a twelve-year community corrections sentence. In October 2016, a community corrections violation warrant was issued, and on October 26, 2016, the trial court revoked the Petitioner's community corrections sentence and ordered that he serve the remainder of his twelve-year sentence in the Department of Correction. The Petitioner filed a petition for post-conviction relief on December 12, 2016, in which he alleged that he received the ineffective assistance of

counsel in the community corrections revocation proceedings. The post-conviction court found that the petition was untimely and that the petition did not allege any grounds for relief that fell into an exception from the statute of limitations, and the court summarily dismissed the petition. The Petitioner filed a timely notice of appeal.

The State concedes in its brief that the post-conviction court erred in summarily dismissing the petition as untimely. In *Carpenter v. State*, 136 S.W.3d 608 (Tenn. 2004), our supreme court recognized the right of a post-conviction petitioner to raise an ineffective assistance of counsel claim relative to community corrections revocation and resentencing proceedings. *Carpenter* and cases decided thereafter stand for the proposition that the Petitioner may proceed with a post convictions claim of ineffective assistance of counsel, but only as to the counsel who represented him during his community correction revocation hearing on October 26, 2016. This is true even though Petitioner was not resentenced after revocation. *See Anthony L. Grant, Jr. v. State*, No. M2007-00052-CCA-R3-PC, 2008 WL 4169985, at *4 (Tenn. Crim. App. Sept. 8, 2008) (interpreting *Carpenter*, 136 S.W.3d 608 and *Baker v. State*, 989 S.W.2d 739 (Tenn. Crim. App. 1998) to mean that "the trial court need not 'resentence' a defendant—i.e., extend the length of the defendant's sentence—upon revoking a defendant's community corrections sentence for the defendant to have the right to file a post-conviction petition"); *see also State v. Baby Dashea Nix*, No. M2015-02270-CCA-R3-CD, 2016 WL 4578868, at *6 (Tenn. Crim. App. Sept. 1, 2016).

The claims raised in the present case relate to allegations of ineffective assistance of counsel in the community corrections revocation proceedings. The post-conviction court erred in dismissing the petition summarily. In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is reversed. The case is remanded for further proceedings consistent with this opinion.

_____
ROBERT H. MONTGOMERY, JR., JUDGE