IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 15, 2022

**STATE OF TENNESSEE v. JOHN DAVID GRANT**

**Appeal from the Circuit Court for Robertson County**
**No. 74CC4-2019-CR-609  William R. Goodman, III, Judge**

_____

**No. M2021-00672-CCA-R3-CD**

_____

Defendant, John David Grant, appeals from the Robertson County Circuit Court's revocation of his effective six-year community corrections sentence for his aggravated assault and vandalism of property convictions.  On appeal, he contends that his counsel at the revocation hearing provided ineffective assistance.  Having reviewed the entire record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Brandi L. Jones (on appeal), Springfield, Tennessee; and Dan W. Dalrymple (at the violation of community corrections hearing), Springfield, Tennessee, for the appellant, John David Grant.

Herbert H. Slatery III, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; Robert J. Nash, District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record contains no information about the facts of Defendant's crimes.  On July 16, 2020, Defendant pleaded guilty to one count of aggravated assault and one count of vandalism of property.  The judgment forms reflect that Defendant was sentenced as a Range II multiple offender to six years and three years, respectively, to be served concurrently and he was ordered to "complete intensive drug treatment through Recovery

Community as a condition of Community Corrections and [ ] follow all recommendations for aftercare."

On August 14, 2020, a revocation warrant was filed, alleging that Defendant violated the terms of his community corrections sentence by having admitted to using drugs and by failing to return to his transitional home following his discharge from Recovery Community. Defendant failed to appear for his scheduled court date on November 13, 2020, and the trial court issued a second revocation warrant on January 15, 2021, alleging that Defendant failed to report and absconded to Kentucky. The warrant stated that Defendant's case officer discovered a photo on social media of a marriage license issued to Defendant by Warren County, Kentucky, and a post by Defendant that "he got married on 10/17/20."

On May 7, 2021, the trial court found Defendant indigent and appointed counsel to represent him on the community corrections violation. The order appointing counsel contains a handwritten notation that states "6-14-21 VOCC Hearing." On May 10 and 12, 2021, Defendant filed two pro se motions for bond, in which he requested that he be granted a bond in order to "obtain [his] own coun[sel] and gather [his] own witnesses and proof on [his] behalf." The motions were set to be heard on June 11, 2021.

A revocation hearing was conducted on June 11, 2021. At the outset of the hearing, the following exchange was had:

[Defense counsel]: [Defendant] is set for a violation of Community Corrections hearing but it is my understanding that he has filed a pro se motion for a bond that he would like to proceed on.

THE COURT: [Defendant], anything you want to tell me in addition to what you have put in your motion?

DEFENDANT: No, sir, that's all.

THE COURT: Does the State wish to be heard?

[Prosecutor]: Your Honor, [Defendant] has a long history of serving, he was on Community Corrections as well. I would ask that you deny the motion and we have a hearing today. Mr. Hawkins[, Defendant's case officer,] is here. It is an allegation that he used marijuana, that he absconded and that he was also found in Kentucky as well. So, there are multiple allegations, drug use, not reporting and not being where he was supposed to be. I would ask that we just have a hearing today, Your Honor.

THE COURT: The basis of the allegation is a failure to maintain contact with the probation officer. Given the criminal history in this case and the allegations contained in the violation warrant, I am going to deny your motion. Do you want to proceed with the hearing or –

[Defense counsel]: If I could just have a moment, Your Honor.

Whereupon, defense counsel briefly conferred with Defendant and then informed the court, "We will go ahead with that hearing, Your Honor."

Robertson County Community Corrections Officer Brian Hawkins testified that Defendant's guilty pleas included the special condition that he attend Recovery Community treatment program. On August 6, 2020, Defendant admitted to having used marijuana and methamphetamine. On August 7, 2020, Defendant was discharged from the program for having used drugs and for failing to return to a transitional home following his discharge. Defendant left a phone message for Mr. Hawkins on August 8th, and on August 11th, Mr. Hawkins spoke to Defendant by phone and directed him to report the following day with documentation that he had been accepted to another recovery program, Recovery at Wildview. Defendant reported on August 13, 2020. He admitted to having used marijuana and methamphetamine and signed an "Admission of Drug Use Form" that was admitted as an exhibit to the hearing.

Mr. Hawkins filed a revocation warrant on August 14, 2020, based on Defendant's admitted drug use and discharge from the recovery program. Defendant failed to appear for his scheduled court date in November of 2020, and Mr. Hawkins had no additional contact with Defendant. In January of 2021, Mr. Hawkins discovered a post on social media that stated Defendant had gotten married in Kentucky. Mr. Hawkins testified that the conditions of Defendant's release required him to obtain permission before leaving the State of Tennessee. On January 15, 2021, Mr. Hawkins filed a second revocation warrant, alleging that Defendant failed to report and absconded to Kentucky.

Defendant did not testify or present any proof at the hearing. In a written order revoking Defendant's community corrections sentence, the trial court found that Defendant violated the terms and conditions of his sentence by "using methamphetamine, being discharged from Recovery Community treatment program, failing to report to his case officer and going out of state without permission." The trial court ordered Defendant to serve the remainder of his sentence in confinement with credit for time served on community corrections.

***Analysis***

On appeal, Defendant argues that he was prejudiced by his appointed counsel's deficient performance at the revocation hearing in violation of his constitutional rights. Defendant asserts that he was "blind-sided" when he appeared in court for what he believed would be a hearing on his pro se motion for bond and the court held a hearing on his community corrections violation instead. He contends that his counsel was ineffective for failing to advise the court that he was not prepared for a revocation hearing. The State argues that Defendant has failed to establish that his counsel's performance was deficient or that he was prejudiced. We agree with the State.

A defendant at a revocation proceeding is not entitled to the full array of procedural protections associated with a criminal trial. *See Black v. Romano*, 471 U.S. 606, 613 (1985); *Gagnon v. Scarpelli*, 411 U.S. 778, 786-90 (1973). However, such a defendant is entitled to the "minimum requirements of due process," including: (1) written notice of the claimed violation(s); (2) disclosure of the evidence against him or her; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless good cause is shown for not allowing confrontation); (5) a neutral and detached hearing body, members of which need not be judicial officers or lawyers; and (6) a written statement by the fact-finder regarding the evidence relied upon and the reasons for revoking probation. *Gagnon*, 411 U.S. at 786; *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

Our supreme court has held that "the issue of ineffective assistance of counsel in a revocation of a community corrections sentence may be raised in a post-conviction proceeding." *Carpenter v. State*, 136 S.W.3d 608, 612 (Tenn. 2004). However, this Court has repeatedly warned that "the practice of raising ineffective assistance of counsel claims on direct appeal is 'fraught with peril' since it 'is virtually impossible to demonstrate prejudice as required' without an evidentiary hearing." *State v. Blackmon*, 78 S.W.3d 322, 328 (Tenn. Crim. App. 2001).

Defendant has failed to show that trial counsel's performance was deficient or that he was prejudiced by any alleged deficiency. The record shows that defense counsel conferred with Defendant after the trial court denied Defendant's motion for bond. Defense counsel then informed the court that Defendant was ready to proceed with the revocation hearing. Defense counsel cross-examined the State's only witness and made an argument in support of reinstating Defendant's community corrections sentence based on Defendant's acceptance into another drug treatment program. We thus conclude that defense counsel's performance was not deficient. Moreover, Defendant does not state what evidence he would have presented to rebut the State's proof that he violated community corrections. He has thus failed to show that he was prejudiced by counsel's failure to request that the revocation hearing be reset. Defendant is not entitled to relief.

Defendant does not challenge the trial court's finding that he violated the conditions of his sentence or the trial court's revocation of community corrections and imposition of a sentence of incarceration. In any event, the record supports the trial court's finding by a preponderance of the evidence that Defendant admitting to having used drugs, was discharged from the treatment program he was ordered to attend, and failed to report to his case officer. *See* T.C.A. § 40-35-311(e); *see also State v. Harkins*, 811 S.W.2d 79, 83 (Tenn. 1991) (holding that the same principles are applicable in deciding whether the revocation of community corrections is proper as are applicable in probation revocation proceedings). Accordingly, the trial court did not abuse its discretion by revoking Defendant's community corrections sentence. *Harkins*, 811 S.W.2d at 82.

Once the court revoked community corrections, it had the authority to order Defendant to serve the remainder of his sentence in confinement. *See T.C.A. § 40-36-106(e)(4)*. Defendant does not argue, and we do not find, that the trial court abused its discretion by requiring Defendant to serve the remainder of his sentence, fully incarcerated. *State v. Dagnan*, -- S.W.3d --, No. M2020-00152-SC-R11-CD, 2022 WL 627247, at *7, (Tenn. Mar. 4, 2022). The trial court properly placed in the record its findings which support its conclusion that "at this point there is really just no other alternative for [Defendant]." Defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE