IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 9, 2024

## STATE OF TENNESSEE v. JOHN ALLEN HESSMER

**Appeal from the Circuit Court for Wilson County**
**Nos. 99-1861, 99-137      Don R. Ash, Senior Judge**
_____

### No. M2024-00056-CCA-R3-CD
_____

The Defendant, John Allen Hessmer, appeals the Wilson County Circuit Court's denial of his motion to correct illegal sentences pursuant to Tennessee Rule of Criminal Procedure 36.1. Based on our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and ROBERT W. WEDEMEYER, J., joined.

John Allen Hessmer, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; and Jason L. Lawson, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On March 30, 2000, the Defendant pled guilty in Macon County case number 99-137 to aggravated burglary, a Class C felony, and vandalism of property valued more than one thousand dollars, a Class D felony, and received three-year sentences as a Range I, standard offender. That same day, he pled guilty in Wilson County case number 99-1861 to possession of more than one-half ounce of marijuana with intent to sell, a Class E felony, and received a one-year sentence as a Range I, standard offender. The Defendant was to serve the three sentences consecutively on community corrections for a total effective sentence of seven years. According to the "Special Conditions" box on the judgments, the Defendant was to "forfeit all money seized," approximately $35,000. In exchange for his guilty pleas, various other charges were dismissed.

On June 12, 2000, the Defendant's community corrections supervisor filed a violation affidavit, alleging that the Defendant violated five conditions of his community corrections sentence. The trial court issued a violation warrant, and the Defendant was arrested. On June 26, 2000, the trial court held a revocation hearing, revoked the Defendant's effective seven-year community corrections sentence, and ordered that he serve the seven-year sentence in confinement. On June 26, 2001, the Defendant filed a petition for post-conviction relief in which he asserted that he received the ineffective assistance of counsel at his revocation hearing. The post-conviction court summarily dismissed the petition as untimely because it was filed more than one year after he pled guilty and was sentenced.

On September 28, 2023, the Defendant filed a pro se motion to correct illegal sentences pursuant to Tennessee Rule of Criminal Procedure 36.1. In his motion, he raised various claims, including that prosecutors withheld exculpatory evidence, that he was mentally incompetent due to severe head injuries sustained in a 1999 motorcycle accident, that he was falsely accused of violating community corrections, that he received the ineffective assistance of post-conviction counsel, that the post-conviction court was judicially corrupt because his post-conviction petition was timely filed within one year of the trial court's revocation of his community corrections sentence, and that he was illegally ordered to forfeit cash and property.

On December 19, 2023, the trial court entered a written order denying the Defendant's Rule 36.1 motion, finding that none of his claims "actually concern the illegality of any sentence or any legal authority which would offer [the Defendant] relief under Tennessee Criminal Procedure 36.1." The trial court also found that the Defendant's sentences expired at least fifteen years earlier.

As an aside, the trial court agreed with the Defendant's claim that the post-conviction court improperly dismissed his petition for post-conviction relief because he filed the petition, which was based on the ineffective assistance of counsel at the revocation hearing, within one year of the hearing. *See Carpenter v. State*, 136 S.W.3d 608 (Tenn. 2004); *Baker v. State*, 989 S.W.2d 737 (Tenn. Crim. App. 1998); *Grant v. State*, No. M2007-00052-CCA-R3-PC, 2008 WL 4169985 (Tenn. Crim. App. Sept. 8, 2008) (all cited in the trial court's order). The trial court noted, though, that the Defendant failed to appeal the post-conviction court's summary dismissal of the petition. The trial court stated that even if it were to treat the Petitioner's Rule 36.1 motion as a petition for post-conviction relief, the petition was time-barred because the statute of limitations expired in 2001, and the Defendant had not presented any basis for equitable tolling.

## ANALYSIS

On appeal, the Defendant claims in his mostly rambling and incoherent brief that the trial court erred by denying his Rule 36.1 motion on the basis that his sentences were expired because he pled guilty on March 30, 2000, before Rule 36.1 was amended to prohibit defendants from contesting expired illegal sentences. He also raises numerous other issues, including that he should not have been ordered to serve his vandalism sentence consecutive to his aggravated burglary sentence because the convictions were part of the same criminal episode, that trial and post-conviction counsel were ineffective for failing to appeal his community corrections revocation and the summary dismissal of his petition for post-conviction relief, that he was falsely accused of and imprisoned for community corrections violations, and that the trial court should have tolled the one-year post-conviction statute of limitations on due process grounds. The State argues that the trial court properly denied the Defendant's Rule 36.1 motion. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1, which became effective on July 1, 2013, provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." *State v. Brown*, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). In 2015, Rule 36.1 was amended to reflect the holding in *Brown*, 479 S.W.3d at 211, that Rule 36.1 may not be used to correct expired illegal sentences. Therefore, when a defendant files a motion under Rule 36.1, the trial court must determine whether the motion "states a colorable claim that the *unexpired* sentence is illegal." Tenn. R. Crim. P. 36.1(b)(3) (emphasis added). In the context of Rule 36.1, a colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). Whether a motion "states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id*. at 589.

Here, none of the issues the Defendant raised in his Rule 36.1 motion rendered his sentences illegal. In any event, his sentences have expired. The trial court could not treat his Rule 36.1 motion as a petition for post-conviction relief because he already filed one post-conviction petition, which the post-conviction court summarily dismissed, and he did not appeal. *See* Tenn. Code Ann. § 40-30-102(c). Accordingly, the trial court properly denied his Rule 36.1 motion.

## CONCLUSION

After review, we affirm the judgment of the trial court.

_____
JOHN W. CAMPBELL, SR., JUDGE