IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 11, 2015 Session

**DANIEL DAVID EDEN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Robertson County**
**No. 74CC2-2010-CR-461      Michael R. Jones, Judge**

_____

**No. M2014-00862-CCA-R3-PC – Filed June 10, 2015**

_____

The Petitioner, Daniel David Eden, appeals as of right from the Robertson County Circuit Court's summary dismissal of his petition for post-conviction relief, wherein he alleged that he received ineffective assistance of counsel at his probation revocation hearing. The Petitioner contends that Young v. State, 101 S.W.3d 430 (Tenn. Crim. App. 2002), on which the post-conviction court relied in its summary dismissal, should be abrogated because it offends equal protection guarantees. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROGER A. PAGE, JJ., joined.

John E. Herbison, Clarksville, Tennessee, for the Petitioner, Daniel David Eden.

Herbert H. Slatery, III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; John W. Carney, Jr., District Attorney General; and Jason C. White, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On November 3, 2010, the Petitioner entered a nolo contendere plea to attempted aggravated sexual battery and was sentenced to a six-year sentence of split confinement, requiring service of 320 days of incarceration followed by five years and forty-five days of supervised probation. At the July 20, 2012 probation revocation hearing, the State agreed to dismiss two new felony charges if the Petitioner admitted that he violated the terms and conditions of his probation by not reporting to his probation officer and agreed to serve the balance of his sentence in incarceration. The Petitioner subsequently acknowledged that he had violated the terms of his probation by failing to report to his

probation officer. Pursuant to the above agreement, the trial court revoked the Petitioner's probation and ordered him to serve the balance of his six-year sentence in incarceration after giving him the appropriate jail credits.

On January 15, 2013, the post-conviction court received a letter from the Petitioner requesting post-conviction relief and claiming he received ineffective assistance of counsel at the probation revocation hearing because his attorney failed to discuss the possibility of his serving the remainder of his unexpired term in a community based alternative to incarceration. On February 19, 2013, the court received a second letter from the Petitioner requesting assistance in obtaining a "post-conviction relief form." On February 22, 2013, the post-conviction court appointed counsel to the Petitioner.

On September 10, 2013, the Petitioner, through counsel, filed an amended post-conviction petition alleging that he received ineffective assistance of counsel at the probation revocation hearing. The State filed a motion to dismiss the post-conviction petition based upon Young v. State, which held that a post-conviction petition cannot be used to collaterally attack the validity of a probation revocation proceeding. On March 14, 2014, the Petitioner filed a response to the motion to dismiss, which was similar in content to his brief on appeal. At the hearing on the State's motion to dismiss held the same day, the State argued that, pursuant to Young, the Petitioner was precluded from using post-conviction proceedings to collaterally attack a probation revocation and that the Petitioner's constitutional rights had not been violated. The Petitioner responded that he should be entitled to a hearing on the post-conviction claim because a court "essentially" resentences a defendant in a probation revocation matter just as it does in a community corrections revocation matter. After considering the pleadings and arguments of counsel, the post-conviction court granted the State's motion to dismiss pursuant to Young and entered an order dismissing the post-conviction petition the same day. The Petitioner then filed an untimely appeal thirty-seven days after entry of the post-conviction court's order.

## ANALYSIS

Initially, we note that the post-conviction court entered its order summarily dismissing the post-conviction petition on March 14, 2014, and that the Petitioner filed his notice of appeal seven days late on April 21, 2014. The State correctly asserts that the Petitioner did not file a motion requesting this court to waive the thirty-day time period for filing a notice of appeal and did not provide an explanation as to why the notice of appeal was untimely or why the interest of justice requires a waiver of the notice requirement. Moreover, the State asserts that because this court has consistently followed the holding in Young, this issue is well-settled. Citing the need to enforce adherence to

procedural rules and to expedite cases, the State argues that dismissal is required in this case. Tennessee Rule of Appellate Procedure 4(a) states that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." However, this rule also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). Upon evaluation, we conclude that the "interest of justice" is best served by granting a waiver in this case. See Tenn. R. App. P. 4(a); see also Crittenden v. State, 978 S.W.2d 929, 932 (Tenn. 1998). We will now address the merits of this case.

The Petitioner argues on appeal that the post-conviction court erred in summarily dismissing his post-conviction petition because Young is "unsound and should be abrogated." Specifically, he argues that Young offends equal protection guarantees by denying him an opportunity to litigate an ineffective assistance of counsel claim at his probation revocation proceedings when such an opportunity is available to petitioners in community corrections revocation proceedings. The State responds that the post-conviction court acted appropriately in summarily dismissing the post-conviction petition pursuant to Young, a decision that has been consistently upheld. In light of Young and the Tennessee Supreme Court's decision to distinguish community corrections revocation proceedings from probation revocation proceedings in Carpenter v. State, 136 S.W.3d 608 (Tenn. 2004), we agree with the State.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. Petitions for post-conviction relief must include a "specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Id. § 40-30-106(d). As it did in this case, the State may file, in lieu of a response, a motion to dismiss the post-conviction petition on the basis that the facts alleged in the petition fail to show that the petitioner is entitled to relief. See id. § 40-30-108(c)(5). "If, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition." Id. § 40-30-109(a); see id. § 40-30-106(f) (stating that the post-conviction court may summarily dismiss the petition when "the facts alleged, taken as true, fail to show that the petitioner is entitled to relief"); Tenn. Sup. Ct. R. 28 § 5(F)(5) (stating that a post-conviction petition may be summarily dismissed if the facts alleged in the petition do "not entitle petitioner to relief even if taken as true").

The Petitioner asserts that Young v. State, 101 S.W.3d 430 (Tenn. Crim. App. 2002), should be abrogated. In Young, this court considered whether an order revoking probation and requiring that the sentence originally imposed be carried out is a 'sentence' subject to collateral attack under the post-conviction act. Id. at 431. The Young court

concluded that a probation revocation order does not impose a new sentence for post-conviction purposes:

> [U]nder [Tennessee Code Annotated section 40-30-203 of the Post-Conviction Procedures Act], the subject of the collateral attack must either be the conviction itself or the sentence. It is clear that the appellant in the instant case is not attacking his conviction. Rather, as noted above, he is complaining of alleged constitutional violations that he asserts render the order revoking probation void or voidable.
>
>     . . . .
>
> [T]he "sentence" a criminal defendant receives is the period of time that the defendant could be incarcerated. In contrast, an order revoking suspension of sentence or probation typically ends the period of suspension of the execution of the original term and mandates that the original sentence be carried out. <u>But it cannot be said that the order revoking suspension of sentence and probation imposes a new sentence subject to collateral attack under the Tennessee Post-Conviction Procedures Act.</u>

<u>Id.</u> at 431-32 (emphasis added) (citations omitted). Based on the aforementioned reasoning, the court held that "the Tennessee Post-Conviction Procedures Act does not permit the filing of a petition under its provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation." <u>Id.</u> at 433.

In <u>Carpenter v. State</u>, 136 S.W.3d 608, 609 (Tenn. 2004), the Tennessee Supreme Court considered whether the revocation of a community corrections sentence could be collaterally attacked in a post-conviction petition on the ground of ineffective assistance of counsel. In that case, the trial court revoked the petitioner's community corrections sentence and imposed a new sentence of eight years in incarceration, which exceeded his original sentence of six years. <u>Id.</u> at 610. The petitioner then filed a post-conviction petition, alleging that he received ineffective assistance of counsel at his community corrections revocation and resentencing hearing, and the post-conviction court dismissed the petition for failing to state a cognizable claim after determining that the right to effective assistance of counsel did not apply in a revocation hearing. <u>Id.</u> (citing T.C.A. § 40-30-101 to -122 (2003)). The Tennessee Supreme Court affirmed the ruling of the Court of Criminal Appeals by declining to extend the holding in <u>Young</u> to community corrections revocation proceedings. <u>Id.</u> at 611-12. It concluded that a revocation of a community corrections sentence, which includes a resentencing, is substantially different from a revocation of probation:

Following a revocation of a community corrections sentence, the trial court exercises the same discretion in resentencing as did the initial sentencing court. Tenn. Code Ann. §§ 40-36-106(e)(2), (e)(4) (2003). The trial court has the authority, upon considering the evidence in the revocation and resentencing hearing, to order a new and longer sentence than had initially been ordered. See Tenn. Code Ann. § 40-36-106(e)(4) (2003). Such authority was exercised in the case at bar. Another important difference between the revocation of probation and the revocation of a community corrections sentence is that a defendant whose probation is revoked is not entitled to credit toward the sentence for time on probation, while a defendant whose community corrections sentence is revoked is entitled to credit toward the sentence for time spent in community corrections prior to the revocation. See id.

Id. In light of these substantive differences, the court held that "the issue of ineffective assistance of counsel in a revocation of a community corrections sentence may be raised in a post-conviction proceeding." Id.

This court has consistently affirmed its holding in Young, and the Tennessee Supreme Court has never abrogated the Young decision. See Young v. State, 101 S.W.3d 430 (Tenn. Crim. App. 2002), perm. app. denied (Tenn. Feb. 18, 2003); see, e.g., Christopher Johnson v. State, No. E2011-00562-CCA-R3-PC, 2012 WL 1066502, at *3 (Tenn. Crim. App. Mar. 22, 2012) (concluding that the post-conviction court did not err in summarily dismissing the petition based on Young), perm. app. denied (Tenn. Aug. 15, 2012); Charles J. Miller, v. State, No. M2008-01861-CCA-R3-PC, 2010 WL 565666, at 3 (Tenn. Crim. App. Feb. 18, 2010) (asserting that the petitioner was without remedy because Young precludes a petitioner from collaterally attacking the revocation of his probation); Michael Joseph Grant v. State, No. E2008-02161-CCA-R3-PC, 2009 WL 4282032, at *3 (Tenn. Crim. App. Dec. 1, 2009) (reiterating that a petition for post-conviction relief cannot be used to attack the effectiveness of counsel at a probation revocation hearing pursuant to Young); Sherman Clark v. State, No. W2008-02557-CCA-R3-PC, 2009 WL 4039083, at *2 (Tenn. Crim. App. Nov. 23, 2009) (memorandum opinion) (holding that the petitioner is without remedy to collaterally attack the revocation of his probation pursuant to Young); Thomas Dewey Perry, Jr. v. State, No. E2008-02324-CCA-R3-PC, 2009 WL 2590050, at *1 (Tenn. Crim. App. Aug. 24, 2009) (memorandum opinion) (concluding that a post-conviction petition may not be used to challenge a probation revocation pursuant to Young); Gregory D. McDaniel v. State, No. M2008-01534-CCA-R3-PC, 2009 WL 1684598, at *1 (Tenn. Crim. App. June 12, 2009) (holding that Young precludes a petitioner from collaterally attacking a probation revocation proceeding). In light of this well established precedent, we decline to abrogate Young.

Although the Petitioner claims he is entitled to relief pursuant to <u>Massey v. State</u>, 929 S.W.2d 399 (Tenn. Crim. App. 1996), this court made it clear that <u>Massey</u> and other similar cases "do not stand for a contrary position to that announced by the Court" in <u>Young</u>. <u>Young</u>, 101 S.W.3d at 433. Moreover, while the Petitioner claims that <u>Allen v. State</u>, 505 S.W.2d 715 (Tenn. 1974), stands for the proposition that a defendant has the right to effective assistance of counsel at a probation revocation proceeding, a review of <u>Allen</u> shows that it, in fact, held that a defendant has a constitutional right to a speedy trial on a probation violation. <u>Id.</u> at 719; <u>see</u> <u>Christopher Johnson</u>, 2012 WL 1066502, at *2 (noting that although there is a constitutional right to counsel in criminal cases, there is no constitutional right to counsel at a probation revocation hearing). Finally, as to the Petitioner's equal protection argument, we reiterate this court's decision in <u>Carpenter</u>, which declined to extend <u>Young</u> to community corrections proceedings in light of the substantive differences between the revocation of a community corrections sentence and the revocation of probation. <u>Carpenter</u>, 136 S.W.3d at 612. Although the Petitioner argues that a court essentially resentences a defendant in a probation revocation proceeding just as a court does in a community corrections revocation proceeding, <u>Carpenter</u> makes it clear that probation revocation proceedings and community corrections revocation proceedings are fundamentally dissimilar proceedings involving different levels of discretionary authority given to the trial court and different classes of defendants. <u>See</u> <u>State v. Smoky Mountain Secrets, Inc.</u>, 937 S.W.2d 905, 912 (Tenn. 1996) ("Equal protection requires that all persons in similar circumstances be treated alike; but it does not 'require things which are different in fact or opinion to be treated in law as though they were the same.'" (quoting <u>Tigner v. State</u>, 310 U.S. 141, 147 (1940))); <u>State v. Banks</u>, 271 S.W.3d 90, 155 (Tenn. 2008) (reiterating that a defendant who asserts an equal protection violation must prove that there was purposeful discrimination and that this purposeful discrimination had a discriminatory effect on him or her); <u>State v. Tester</u>, 879 S.W.2d 828, 829 (Tenn. 1994) (noting that under the rational basis test, "'[t]here must be reasonable and substantial differences in the situation and circumstances of the persons placed in different classes which disclose the propriety and necessity of the classification'" (quoting <u>State v. Nashville, Chattanooga & St. Louis Railway Co.</u>, 135 S.W. 773, 775-76 (Tenn. 1911))). Therefore, in light of <u>Young</u> and <u>Carpenter</u>, the Petitioner is not entitled to relief.

## CONCLUSION

Based upon the foregoing authorities and analysis, we affirm the summary dismissal of the post-conviction petition.

_____
CAMILLE R. McMULLEN, JUDGE