IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 25, 2016 at Knoxville

**WILLIAM GEORGE COX v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2008-C-2734    Mark Fishburn, Judge**

---

**No. M2016-00012-CCA-R3-PC – Filed November 17, 2016**

---

The petitioner, William George Cox, appeals the denial of post-conviction relief from his 2008 Davidson County Criminal Court guilty-pleaded convictions of aggravated burglary and theft of property, for which he received an effective sentence of 10 years. In this appeal, the petitioner contends only that he was denied the effective assistance of counsel. We affirm the judgment of the post-conviction court but remand for correction of clerical errors in the judgment forms.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed; Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Jesse Lords, Nashville, Tennessee, for the appellant, William George Cox.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Janice Norman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 8, 2008, the petitioner entered pleas of guilty to one count each of aggravated burglary and theft of property valued at $1,000 or more but less than $10,000. The trial court imposed a sentence of 10 years' incarceration for the aggravated burglary conviction, to be served concurrently with an eight-year sentence for the theft of property conviction. The court further ordered the defendant to serve the entirety of his effective 10-year sentence on community corrections placement.

On July 15, 2009, the petitioner's community corrections officer filed a violation report alleging that the petitioner had violated the terms of his community

corrections placement by being arrested for assault. On September 3, 2009, the trial court found that the petitioner had violated the terms of his community corrections placement and resentenced the petitioner, ordering consecutive service of his 10- and eight-year sentences, to be served as one year of incarceration followed by 17 years on community corrections placement.

On October 28, 2010, the petitioner's community corrections officer again filed a violation report, this time alleging that the petitioner had been arrested for aggravated assault. The trial court, on April 13, 2011, amended the judgments to reflect that the petitioner would remain incarcerated until April 26, 2011, at which time his community corrections placement would be reinstated.

On February 23, 2012, the trial court found that the petitioner had "successfully complied with" the conditions of his community corrections placement and transferred him to supervised probation. On October 30, 2013, the petitioner asked the trial court to "release him from the conditions of probation" due to "his age and physical condition," requesting that he "be placed on unsupervised probation for the remainder of his sentence." No court order ruling on this petition appears in the record.

On February 19, 2014, the petitioner, in response to his January 2014 arrest on charges of aggravated burglary and possession of burglary tools, moved the trial court "to place his sentence into effect," thus permitting him to "serve the remaining portion of the sentence by incarceration." In support of his motion, the petitioner averred that, in December 2013, his community corrections supervision was "transferred to a misdemeanor level of supervision, where he only ha[d] to report every few months." The petitioner further stated that, because he was incarcerated on the new charges and believed that he would not "be released anytime soon," he wished to "place this sentence into effect so that he may receive all proper jail credit and begin moving towards completion of this rather lengthy sentence." A violation of probation report was filed on February 27, 2014, alleging that the petitioner had violated the terms of his probation by being arrested for aggravated burglary and possession of burglary tools.

The trial court, on March 6, 2014, granted the motion and entered amended judgments which revoked the petitioner's alternative sentencing and ordered the petitioner's sentence into execution, with credit for time served. On March 9, 2015, the petitioner filed, pro se, a petition for post-conviction relief, alleging that he was deprived of the effective assistance of counsel at his March 6, 2014 court appearance when he was pressured by counsel into seeking execution of his original sentence. Following the appointment of counsel and the amendment of the petition, the post-conviction court conducted a brief hearing, at which the court heard argument from both parties but no witness testimony.

After taking the matter under advisement, the trial court issued an order dismissing the petition, finding that, although the petition was timely filed, post-conviction relief was not available to the petitioner because he was merely seeking to collaterally attack the validity of his revocation of probation.

In this appeal, the petitioner reiterates his claim of ineffective assistance of counsel, claiming that trial counsel performed deficiently by coercing him "into waiving a hearing on his motion to place a sentence into effect." The State contends that the post-conviction court did not err by denying relief.

"[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a) (2006). "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition. The order shall state the reason for the dismissal and the facts requiring dismissal." *Id.* § 40-30-106(b). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b)(1)-(3). Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). To determine whether due process requires tolling of the statute of limitations, we must determine "when the limitations period would normally have begun to run"; "whether the grounds for relief actually arose after the limitations period would normally have commenced"; and "if the grounds are 'later arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In the instant case, the petitioner was originally convicted in 2008, was sentenced to community corrections placement, and, following a revocation, was resentenced on September 3, 2009. The trial court last altered the terms of the community corrections sentence in 2011 following his second revocation. Thus, the petitioner had one year from the date on which the judgment resentencing the defendant became final to seek post-conviction relief. *See Carpenter v. State*, 136 S.W.3d 608, 612 (Tenn. 2004) ("[A] petitioner may challenge the resentencing which follows revocation of community corrections in a post-conviction proceeding based on an allegation of ineffective assistance of counsel."). In any event, the petitioner's 2015 petition for post-conviction relief was filed well outside the one-year statute of limitations, and the statutory grounds for the tolling of the statute of limitations are not applicable. Moreover, due process principles do not mandate the tolling of the statute of limitations because the petitioner's claims for relief are not "later-arising."

- 4 -

The statute of limitations for a post-conviction action may not be timed to a revocation of mere probation because a post-conviction petition may not be used to challenge a revocation of probation. An order revoking probation simply ends the probation term, imposes no new sentence, and accordingly, is not an action that may be challenged via Tennessee's post-conviction procedure. *Young v. State*, 101 S.W.3d 430, 432-33 (Tenn. Crim. App. 2002). The record in the instant case clearly established that the trial court, in February 2012, determined that the petitioner had "successfully complied with" the terms of his community corrections placement and transferred him to supervised probation. Thus, the petitioner's efforts to collaterally attack the 2014 revocation of his probation avail him nothing.

We detect, however, clerical errors in the March 2014 amended judgment forms that require correction. As previously discussed, the petitioner was unquestionably transferred from community corrections placement to supervised probation in February 2012. The 2014 amended judgment forms, however, erroneously reflect that the petitioner's *community corrections placement* was revoked. On remand, we direct the trial court to correct the 2014 amended judgment forms to effectuate the proper alternative sentencing revocation.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE