IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2018

**STATE OF TENNESSEE v. LORENZOE WILSON**

**Appeal from the Circuit Court for Robertson County**
**No. 74CC4-2016-CR-107  Jill Bartee Ayers, Judge**

_____

**No. M2017-02084-CCA-R3-CD**

_____

Lorenzoe Wilson ("the Defendant") appeals the trial court's revocation of his community corrections sentence and the imposition of his sentence of confinement, claiming that the trial court abused its discretion in finding that he violated the terms of alternative sentencing and that he should have been reinstated to community corrections. After a review of the record and applicable law, we conclude that the trial court did not abuse its discretion. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Roger Nell, District Public Defender, and Rosemary Sprague, Assistant District Public Defender, for the appellant, Lorenzoe Wilson.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; John W. Carey, District Attorney General; and Burney Dent Morris, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural Background**

On April 28, 2017, the Defendant pleaded guilty to a charge of aggravated assault that occurred in November 2015, in Montgomery County case number 74CC4-2016-CR-107. Pursuant to the terms of his plea agreement, the trial court sentenced him to six years to be served on community corrections. As part of his sentence conditions, the trial

court required the Defendant to complete 180 hours of public service work, to attend and complete anger management classes, to submit to monthly drug and alcohol testing, to make arrangements with a physician or pharmacist to have access to medication, and to complete and graduate from the drug rehabilitation program at Safe Harbor Nashville, complying with all their rules and regulations. On May 18, 2017, the Defendant was discharged from Safe Harbor for failing to comply with the program rules. The trial court issued a violation of community corrections warrant on May 19, 2017, and issued an absconder warrant on July 21, 2017. Following an evidentiary hearing on September 15, 2017, the trial court found the Defendant to be in violation of the terms of his community corrections sentence and ordered the Defendant to serve the remainder of his six-year sentence in the Tennessee Department of Correction (TDOC), with a thirty percent release eligibility.

At the revocation hearing, the Robertson County Detention Facility Jail Administrator, Major Tony Crawford, testified that he requested the Defendant be moved out of the Robertson County jail and into TDOC because of the Defendant's misconduct in the jail. The trial court granted Major Crawford's request, but TDOC was unable to find a bed for the Defendant. Major Crawford stated that the Defendant's misconduct continued in the Robertson County jail following Major Crawford's request for transfer and that the Defendant "does not need to be in [the Robertson County] jail. He needs to be in a T.D.O.C. institution."

The Defendant's community corrections case manager, Brian Hawkins, testified that on May 18, 2017, Safe Harbor Nashville discharged the Defendant for possessing a prohibited cell phone while in the program. The Defendant reported to community corrections on May 19, 2017, where Mr. Hawkins reviewed with the Defendant the terms of his community corrections, including reporting twice per week. Mr. Hawkins testified that the Defendant failed to report to community corrections after his first appearance on May 19, and the trial court issued an absconder warrant approximately two months later. Mr. Hawkins testified that the Defendant had also been serving a previous community corrections sentence in Montgomery County related to convictions for theft and aggravated assault. When the trial court sentenced the Defendant for the November 2015 aggravated assault, Montgomery County community corrections transferred the Defendant's file to Robertson County because the Defendant's address was in Robertson County. Mr. Hawkins and Anita Vogt managed the Defendant's community corrections cases in Robertson County.

The Defendant testified that Safe Harbor discharged him from their program because he possessed a prohibited cell phone. He stated that he had the phone to stay in contact with the Department of Children's Services ("D.C.S.") and the Department of Health and Human Services ("D.H.S.") about a paternity dispute. However, the

- 2 -

Defendant admitted that he called several people other than D.C.S. and D.H.S. on the prohibited cell phone while at Safe Harbor. The Defendant stated that he willingly reported to Mr. Hawkins on May 19, 2017, but that he did not know whether he was supposed to continue reporting to Robertson County or Montgomery County. The Defendant testified that he stayed in contact by phone with Ms. Vogt. The Defendant agreed that having the prohibited cell phone and failing to physically report to Ms. Vogt or Mr. Hawkins were both violations of the terms of his community corrections.

The Defendant stated that he did not need drug rehabilitation and that, if the trial court would reinstate his community corrections without a rehabilitation requirement, he was "pretty sure that [he] could follow the rules enough to stay out of trouble." The Defendant also stated that his misconduct in the Robertson County jail, as reported by Major Crawford, was due to "people that d[id] things to [him]" and situations "in [his] life that [he's] going through that make[] [him] act the way that [he] act[s.]" On cross-examination, the Defendant admitted that he had threatened to kill the woman involved in the paternity dispute.[1] The Defendant recalled that, in 2015, he was sent to Riverbend Maximum Security Institution because of his misconduct at the Robertson County jail unrelated to the current offense.

Based on the testimony at the revocation hearing, the trial court found that the Defendant violated the terms of his community corrections sentence. The trial court revoked community corrections and imposed the balance of the Defendant's sentence to be served in confinement with TDOC.[2]

## II. Analysis

On appeal, the Defendant argues that the trial court abused its discretion in finding a violation of the terms of community corrections and by ordering the Defendant to serve the remainder of his six-year sentence in TDOC. The Defendant argues that he did not have sufficient time to complete the Safe Harbor program and that the imposition of the full sentence in TDOC "over such a minor rule is . . . an abuse of discretion." The State argues that the Defendant conceded two violations of the terms of his community corrections, and therefore the trial court did not abuse its discretion in finding that the Defendant had violated the terms and ordering him to serve the remainder of his sentence in TDOC. We agree with the State.

---

[1] In a letter to the Child Support Office, which he testified to at the revocation hearing, the Defendant wrote, "I don't want [to] hurt anyone, but I'll be damned if I fall victim to not being a father and let my child grow up confused and angry at myself. I'll kill her before I let this devilish world accept her foolishness and neglect me [sic] from my responsibilities."

[2] The record reflects that, at this point, the Defendant shouted obscenities at the trial court.

The trial court's decision to revoke an alternative sentence is subject to an abuse of discretion standard of review. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). When the record clearly shows that "the trial judge exercised conscientious judgment in making the decision rather than acting arbitrarily[,]" there is no abuse of discretion. *See State v. Leach*, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. *Cf. State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (applying abuse of discretion standard to revocation of probation).

If a defendant violates the terms of supervision, the trial court may, within its discretionary authority, revoke the community corrections sentence and require the defendant to serve his sentence "for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(4) (2017). In fact, for community corrections resentencing, "[t]he trial court has the authority, upon considering the evidence in the revocation and resentencing hearing, to order a new and longer sentence than had initially been ordered." *Carpenter v. State*, 136 S.W.3d 608, 612 (Tenn. 2004); *see also* Tenn. Code Ann. § 40-36-106(e)(2) (the trial court retains "the authority to alter or amend at any time the length, terms, or conditions of the sentence imposed").

Here, the trial court did not abuse its discretion in revoking community corrections and imposing the Defendant's original sentence of confinement in TDOC. The Defendant himself admitted to two violations of his community corrections: failure to comply with the rules and regulations of Safe Harbor, and failure to physically report to either of his community corrections case managers. The Defendant admitted that keeping a cell phone at Safe Harbor constituted violation of the terms of community corrections because he did not abide by Safe Harbor's rules and regulations. Further, the Defendant admitted that failing to physically report to his case manager was a violation of the terms of community corrections. Because the Defendant's two violations of the conditions of community corrections are clear in the record, the trial court exercised "conscientious judgment" and did not abuse its discretion in finding those violations. *See Leach*, 914 S.W.2d at 107.

Moreover, the trial court did not abuse its discretion by imposing the Defendant's sentence. In this case, the trial court acted within its discretion by imposing the original six-year sentence in confinement. *See* Tenn. Code Ann. § 40-36-106(e)(4) (2017). The trial court also properly credited the Defendant with time served in community corrections, as it was required to do. *See Carpenter*, 136 S.W.3d at 612 ("a defendant whose community corrections sentence is revoked is entitled to credit toward the sentence for time spent in community corrections prior to the revocation"). Because the trial court acted under its discretionary authority, as authorized by statute, to order the

Defendant to serve his original sentence in confinement, the trial court did not abuse its discretion, and we affirm its judgment.

### III. Conclusion

We conclude that the trial court did not abuse its discretion when it found that the Defendant violated the terms of his community corrections and ordered the Defendant to serve his original sentence. Therefore, for the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE