IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 19, 2019

## STATE OF TENNESSEE v. CHRISTOPHER COLLIGAN

**Appeal from the Criminal Court for Davidson County**
**No. 2014-I-651      Seth W. Norman, Judge**

_____

### No. M2018-01443-CCA-R3-CD

_____

Defendant, Christopher Colligan, appeals following the trial court's revocation of his eight-year community corrections sentence. Defendant contends that the trial court erred by failing to award sentencing credit for his time served in the community corrections program from June 27, 2014, to March 29, 2017, and from October 4, 2017, to April 27, 2018. Following a thorough review, we affirm the judgment of the trial court, as modified, and remand for entry of an amended judgment awarding sentencing credits from October 4, 2017, to April 27, 2018.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed as Modified; Case Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and D. KELLY THOMAS, JR., J., joined.

Martesha L. Johnson; District Public Defender; and Jeffrey A. DeVasher (on appeal) and Tanner Gibson (at hearing), Assistant District Public Defenders, for the appellant, Christopher Colligan.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Glenn Funk, District Attorney General; and Paul DeWitt, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

On June 27, 2014, Defendant pled guilty to sale of a Schedule I controlled substance in the Criminal Court for Davidson County.[1] Pursuant to a plea agreement, the trial court sentenced him as a Range I standard offender to an eight-year sentence to be served on community corrections. The trial court further ordered that Defendant complete the residential program of the Davidson County Drug Court. It appears from the record that Defendant remained in custody from the time of his arrest on April 28, 2014, until October 3, 2014, when a bed became available for him at the in-patient treatment facility. On August 23, 2016, based on "the recommendation of the Community Corrections Program of Davidson County to transfer [] Defendant . . . from the Davidson County Community Corrections Program to Probation Supervision," the trial court entered an order finding that Defendant had "successfully complied with the rules and regulations of the Tennessee Community Corrections Act and the Davidson County Community Corrections Program" and transferring Defendant "to Field Services, Tennessee Department of Correction and under supervised probation." The trial court ordered Defendant to "abide by the rules and regulation of the Field Services, Tennessee Department of Correction."

On March 29, 2017, the trial court issued a "Violation of Probation" warrant ("the first violation warrant"). The affidavit upon which the first violation warrant was based alleged that Defendant had violated the terms of his probation by using cocaine, heroin, and Roxicodone. The first violation warrant was served on Defendant on June 8, 2017. Following a hearing on September 6, 2017, during which Defendant conceded the violation, the trial court took the matter under advisement and reset the case to October 4, 2017. On that date, the trial court found that Defendant had violated the terms and conditions of probation and announced:

> . . . I'm [going to] tell you what the deal is, it's a two-way deal. [Defendant] can either go serve[] his time or he can waive every minute and every second of street time and jail time he's got, and start an [eight]-year sentence on Community Corrections all over again. That's the deal. You better take him back there and explain to him what he's fixing to do to himself, if he agrees to the deal. Because if he walks back in this program, he's [going to] serve the whole eight years. You better take him back there and talk to him. That's the only way I'll even consider it.

---

[1] The indictment, plea petition, and transcript reflect that Defendant was charged with and pleaded guilty to sale of a Schedule I controlled substance. However, the original judgment and court minutes indicate a plea to delivery of a Schedule I controlled substance. Both sale and delivery of a controlled substance are proscribed by Tennessee Code Annotated section 39-17-417. *See* Tenn. Code Ann. §§ 39-17-417(a)(2) (delivery), 39-17-417(a)(3) (sale).

Following consultation with counsel, Defendant announced that he would "like to restart his eight-year sentence[.]" The trial court revoked Defendant's sentence and ordered that Defendant be placed back on community corrections for eight years. An amended judgment ("the first amended judgment") entered on October 4, 2017, indicated that Defendant's eight-year sentence was revoked to time-served and that his sentence was "restarted" on community corrections. The first amended judgment also reflected that Defendant would "not receive any credit for time in community corrections ('street time')[.]" Defendant did not appeal from this amended judgment.

Over six months later, on April 27, 2018, the trial court issued a warrant for a "Violation of Community Corrections Program" based upon allegations that Defendant "tested positive for [a]mphetamine and [h]eroin . . . and admitted to using [h]eroin" ("the second violation warrant"). On May 16, 2018, the trial court issued an amended warrant for a "Violation of Community Corrections Program," following allegations that Defendant failed to report and was "now considered an absconder" ("the third violation warrant"). The warrants were served on Defendant on May 18, 2018.

A hearing on the second and third violation warrants was conducted on July 11, 2018. Defendant made an oral motion for the trial judge to recuse himself based upon comments the trial judge allegedly made about Defendant in a meeting between defense counsel, the prosecutor, and the trial judge in the judge's chambers prior to the start of the hearing. The trial court denied the motion to recuse and denied Defendant's request for a continuance to file a written motion to recuse.

Defendant testified that he relapsed and started using heroin and amphetamines again. The trial court found that Defendant had violated the terms and conditions of his community corrections sentence and ordered that Defendant's eight-year sentence be placed into effect. On the same day, the trial court entered an amended judgment ("the second amended judgment") to reflect the revocation of Defendant's community corrections sentence, which noted that Defendant was to receive credit for "period in jail" but no credit for "street time[.]" The second amended judgment indicated that Defendant was granted jail credit for the following days: April 28, 2014 to October 3, 2014; June 9, 2017 to October 4, 2017; and May 18, 2018 to July 11, 2018.[2] On July 24, 2018, Defendant filed a Motion to Vacate Judgment and Incorporated Motion to Recuse, which the trial court denied in a written order filed August 3, 2018. This timely appeal follows.

---

[2] At the conclusion of the hearing on the first violation warrant, Defendant agreed to waive his sentencing credits for time served in jail in addition to his "street time" on community corrections; however, the trial court apparently credited him for time served in jail in the second amended judgment.

- 3 -

## Analysis

On appeal, Defendant contends that the trial court erred in "ordering" that he surrender the "street time" sentencing credits he earned while serving his community corrections sentence.[3] He argues that he is entitled to credit "for actual time served in the community-based alternative program" and asserts that those credits are mandatory and that the trial court had no authority to deny him the sentencing credits. Defendant further argues that the trial court's failure to award credit for time actually spend on community corrections contravenes Tennessee Code Annotated section 40-36-106, resulting in an illegal sentence, and that his agreement to surrender the sentencing credits is immaterial because there "can be no plea bargain to an illegal sentence."

The State agrees that Defendant is entitled to credit for time served on community corrections from October 4, 2017, when the amended judgment restarting his community corrections sentence was entered, to April 27, 2018, when the second violation warrant was issued. The State asserts, however, that Defendant is not entitled to sentencing credit for the time Defendant served on community corrections before October 4, 2017, because the trial court and Defendant "agreed to a new, eight-year community corrections sentence, which included a waiver of his street and jail time." The State argues that, by this agreement, the trial court "effectively resentenced [D]efendant to a longer term, which it was authorized to do" under Tennessee Code Annotated section 40-36-106(e)(4). The State contends that the trial court "simply used the waiver of street time to approximate the appropriate length of the longer sentence." The State further responds that the amended judgment entered on October 4, 2017, did not create an illegal sentence and that, to the extent Defendant now seeks relief from the October 4th judgment, his appeal is "grossly untimely."

Tennessee Code Annotated section 40-36-106 provides that a trial court may sentence an eligible defendant "to any appropriate community-based alternative to incarceration provided in accordance with the terms of this chapter, and under the additional terms and conditions as the court may prescribe, in lieu of incarceration in a

---

[3] In his original brief to this court, Defendant also argued that the trial court erred in denying the Motion to Vacate Judgment and Incorporated Motion to Recuse. Defendant asked that the court vacate the trial court's judgment and remand the case for a new community corrections violation hearing before a different trial judge. Defendant alternatively argued that the trial court abused its discretion in revoking his community corrections sentence and asked this court to modify the trial court's judgment by reinstating his community corrections sentence. However, following the filing of the State's brief, Defendant filed a reply brief in which he stated that he "no longer wishe[d] to have his community corrections sentence reinstated" and, "therefore[,] no longer wishe[d] to pursue on appeal the issues of whether the trial court should have recused itself and whether the trial court abused its discretion in revoking his community corrections." As such, these claims are waived, and we will address only Defendant's remaining issue regarding the trial court's failure to award appropriate sentencing credits.

state penal institution or local jail or workhouse." Tenn. Code Ann. § 40-36-106(e)(1) (2014). In sentencing a defendant to community corrections, a trial court has the authority "to set the duration of the sentence for the offense committed at any period of time up to the maximum sentence within the appropriate sentence range[,]" and the trial court retains the power "to alter or amend at any time the length, terms or conditions of the sentence imposed." Tenn. Code Ann. § 40-36-106(e)(2) (2014). Additionally, the trial court may revoke a defendant's community corrections sentence

> at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, *less any time actually served in any community-based alternative to incarceration.* The resentencing shall be conducted in compliance with § 40-35-210.

Tenn. Code Ann. § 40-36-106(e)(4) (2014) (emphasis added). "[A] defendant whose community corrections sentence is revoked is entitled to credit toward the sentence for time spent in community corrections prior to revocation." *Carpenter v. State*, 136 S.W.3d 608, 612 (Tenn. 2004) (citing Tenn. Code Ann. § 40-36-106(e)(4)); *see also* Tenn. Code Ann. § 40-36-106(e)(3)(B) (2014) (stating that an offender serving a community corrections sentence is entitled to credit "for actual time served in the community-based alternative program"). "The award of credit for time served on community corrections is mandatory, and the trial court has no authority to deny credit no matter how lackluster or unsuccessful the defendant's performance." *Jackson v. Parker*, 366 S.W.3d 186, 190 (Tenn. Crim. App. 2011) (internal quotation marks omitted); *see also State v. McNack*, 356 S.W.3d 906, 910 (Tenn. 2011) ("Our courts have held that the language of the statute as to sentence credits is mandatory, not discretionary.").

It is undisputed that from the date of the first amended judgment, October 4, 2017, to the filing of the second violation warrant on April 27, 2018, Defendant was serving his sentence in a community-based alternative program, and the State concedes that the trial court should have credited Defendant with that time upon the revocation of Defendant's community corrections sentence. We agree with the State's concession and conclude that Defendant is entitled to credit toward his sentence for time spent in community corrections from October 4, 2017, to April 27, 2018. *See* Tenn. Code Ann. § 40-36-106(e)(4); *Carpenter*, 136 S.W.3d at 612.

The issue of whether Defendant is also entitled to credit from time served on community corrections from October 3, 2014, to the filing of the first violation warrant on March 29, 2017, presents a more difficult question. During a hearing on the first

- 5 -

violation warrant, Defendant conceded the violation, and the trial court revoked Defendant's community corrections sentence. Upon revocation of community corrections, the trial court should have credited Defendant for the actual time served on community corrections up to the filing of the first violation warrant, *i.e.*, from October 3, 2014, to March 29, 2017. *See id.* Instead, the first amended judgment reflected that Defendant's eight-year sentence was revoked to time-served, that his sentence was "restarted" on community corrections, and that Defendant received no credit "for time in community corrections ('street time')[.]"

The State argues, however, that the trial court essentially resentenced Defendant based on Defendant's agreement to begin a new eight-year sentence and that the trial court used Defendant's waiving of his "street time" "to approximate the appropriate length of the longer sentence." Although the trial court had the authority to resentence Defendant pursuant to Tennessee Code Annotated section 40-36-106(e)(4), any resentencing should have been conducted in compliance with Tennessee Code Annotated section 40-35-210. Tenn. Code Ann. § 40-36-106(e)(4); *State v. Samuels*, 44 S.W.3d 489, 494 (Tenn. 2001). Although "[a] formal sentencing hearing or revocation hearing . . . is not required when a defendant concedes that he violated the terms of the community corrections sentence and elects to accept, knowingly and voluntarily, an increased sentence by agreement with the State[,]" *State v. Ronnie Walls*, No. M2018-00903-CCA-R3-CD, 2019 WL 2183774, at *3 (Tenn. Crim. App. May 21, 2019), the question of whether the hearing held by the trial court constituted an appropriate resentencing hearing or whether Defendant knowingly and voluntarily accepted an increased sentence is not before this court. Defendant never appealed the trial court's October 4, 2017, ruling which resulted in the first amended judgment. The instant appeal arises from the trial court's revocation of Defendant's community corrections sentence resulting in the second amended judgment. By failing to appeal the October 4, 2017 revocation, Defendant effectively waived these issues.

Nevertheless, Defendant argues that this court may address the trial court's failure to award credit for the time served on community corrections from October 3, 2014, to March 29, 2017, because this failure created an illegal sentence. The Tennessee Supreme Court has not previously held that the trial court's failure to award sentencing credits earned while serving a community corrections sentence renders a defendant's sentence illegal. However, in *Jackson v. Parker*, this court held that the failure to award credit for time actually spent on community corrections contravenes section 40-36-106 and results in an illegal sentence, entitling a defendant to habeas corpus relief. 366 S.W.3d at 190-91. In reaching this conclusion, the court relied on an earlier ruling, in which this court held that a trial court's failure to award pretrial jail credit renders a defendant's sentence illegal. *See Tucker v. Morrow*, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009), *overruled by State v. Brown*, 479 S.W.3d 200, 212 (Tenn. 2015). However, the Tennessee Supreme

Court has since held that a trial court's erroneous failure to award pretrial jail credit does not render a sentence illegal for purposes of Rule 36.1 of the Tennessee Rules of Criminal Procedure. *Brown*, 479 S.W.3d at 212. The supreme court reasoned that,

> [a]lthough pretrial jail credits allow a defendant to receive credit against his *sentence* for time already served, awarding or not awarding pretrial jail credits does not alter the *sentence* in any way, although it may affect the length of time a defendant is incarcerated. A trial court's failure to award pretrial jail credits may certainly be raised as error on appeal, as the defendant in *Stubbs* [*v. State*, 393 S.W.2d 150, 154 (Tenn. 1965)] chose to do. But a trial court's failure to award pretrial jail credits does not render the *sentence* illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1.

*Id.* at 212-13.

Although the supreme court in *Brown* addressed a defendant's claim for relief under Rule 36.1, the supreme court released *State v. Wooden*, 478 S.W.3d 585, 587 (Tenn. 2015), on the same day as *Brown*, which held that the definition of an "illegal sentence" under Rule 36.1 "is coextensive with, and actually mirrors," the definition of illegal sentence for purposes of a petition for writ of habeas corpus. Despite this language in *Wooden*, a divided panel of this court has ruled that a "properly-filed petition for writ of habeas corpus remains a viable avenue for relief on a claim that the trial court failed to award pretrial jail credit[.]" *Steven Anderson v. Russell Washburn*, No. M2018-00661-CCA-R3-HC, 2019 WL 453957, at *7 (Tenn. Crim. App. Feb. 5, 2019), *rev'd*, No. M2018-00661-SC-R11-HC, slip op. at *2 (Tenn. June 27, 2019) (order for publication). However, the Tennessee Supreme Court recently reversed this court's judgment in an order filed June 27, 2019. Agreeing with the dissent in *Steven Anderson*, the supreme court concluded that "a claim based on a trial court's failure to award pretrial jail credits is not cognizable in the context of a petition for habeas corpus relief." *Id.* As a result, we believe that the supreme court's decisions in *Brown*, *Wooden*, and *Steven Anderson* call into question this court's ruling in *Jackson*. *See Kenneth L. Langley v. State*, No. E2016-01726-CCA-R3-HC, 2017 WL 823887, at *3 (Tenn. Crim. App. Mar. 2, 2017) (stating that *Brown* "casts doubt on the holding in *Jackson*"), *no perm. app. filed*; *but see Carl Jones, Jr. v. Doug Cook*, No. E2015-01371-CCA-R3-HC, 2016 WL 2605985, at *2 (Tenn. Crim. App. May 4, 2016) (holding that a trial court's failure to award credit for time served on community corrections renders the sentence illegal and "is a cognizable claim in a habeas corpus proceeding"), *no perm. app. filed*. We do not reach the issue of whether a trial court's failure to award credit for time served on community corrections renders the sentence illegal for purposes of habeas corpus proceedings, however, because Defendant has not filed a petition for writ of habeas corpus. Moreover, Defendant has

not filed a motion pursuant to Rule 36.1, which was adopted with the express purpose of providing "a mechanism for the defendant or the State to seek to correct an illegal sentence." *Brown*, 479 S.W.3d at 209 (quoting Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmt) (internal quotation marks omitted). Rather, this case is before the court on an appeal from the revocation of a community corrections sentence, which we do not view as the appropriate procedural avenue to raise a claim of an illegal sentence based upon the trial court's failure to award credit for time served on community corrections. Accordingly, Defendant is not entitled to relief on this portion of his claim.

## Conclusion

For the aforementioned reasons, we remand for the trial court to enter an amended judgment awarding sentencing credits from October 4, 2017, to April 27, 2018, and we affirm the judgment of the trial court, as modified.

_____
ROBERT L. HOLLOWAY, JR., JUDGE