IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 24, 2019

## STATE OF TENNESSEE v. JONATHAN DAVID SCHELFE

**Appeal from the Criminal Court for Sumner County**
**Nos. 659-2012, 681-2012   Dee David Gay, Judge**

_____

### No. M2018-01604-CCA-R3-CD
_____

Pro se Petitioner, Jonathan David Schelfe, appeals from the denial of his motion for correction of an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure.  Following our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Jonathan David Schelfe, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Ray Whitley, District Attorney General; and Tara Wyllie, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

In September 2012, the Petitioner was charged in a 42-count indictment of rape of a child, aggravated sexual battery, rape, solicitation of a minor under 13 years of age to observe sexual conduct, and solicitation of a minor to observe sexual conduct in case numbers 681-2012 and 659-2012.  On May 23, 2013, the Petitioner entered a guilty plea and received an effective sentence of forty years, to be served at 100%.  At issue in this appeal is case number 659-2012, and our review is limited to the Petitioner's convictions of rape of a child in counts 1, 4, 5, and 8.  For each of those counts, the Petitioner was ordered to concurrent terms of fifteen years at 100%, to be served consecutively to counts 13, 16, 17, 20 (all rape of a child with an offense date after 2010), counts 21 and 24 (aggravated sexual battery), count 25 (rape of child with an offense date in 2011), counts 26, 31, 32, 37 (rape), counts 38 and 41(solicitation of minor/sexual content), and count 42 (rape of a child with an offense date of January 2008 to August 2010).

Significantly, at the Petitioner's May 23, 2013 guilty plea hearing, the State advised the trial court as follows:

> [The Petitioner] will be pleading guilty to Counts 1, 4, 5, and 8, rape of a child. Your Honor, these counts occurred sometime between 2007 and 2009. There was a change in the statutory scheme on the sentencing for rape of a child July 1st, 2007. Accordingly, I believe, the [Petitioner] has the right to select which sentencing scheme he wants to be sentenced under….We have agreed that he will be sentenced under the sentencing scheme prior to July 1st, 2007. In that situation, rape of a child carried 15 to 25 years at 100 percent.

The State then provided the following factual basis in support of the Petitioner's guilty pleas to rape of a child in counts 1, 4, 5, and 8:

> From the time that [the victim] was about seven years old, beginning in 2007, sometime in 2007, the initial encounter involved her walking in, seeing her father, the [Petitioner], watching pornography. He encouraged her to continue to stay there and watch the pornography with him.
>
> Within a relatively short period of time, he began to molest her. He would do so on a regular basis. At least weekly or every other week he would touch her on her vaginal area, he would have her touch his penis, he would digitally penetrate her, and he would perform oral sex on her. Those are the bases of the Counts 1, 4, 5, 8, and 9 through 12.

The record shows that the trial court complied with Rule 11, see Tenn. R. Crim. P. 11(c)(1)(C), and engaged in a detailed and extensive plea submission hearing to ensure that the Petitioner was apprised of his rights and was entering a knowing and voluntary plea.

On July 30, 2018, the Petitioner filed a "Motion for Correction of Illegal 'Fatal Error' Sentences Pursuant to Tenn. R. Crim. P. 36.1," and the State filed a response on August 9, 2018. The trial court conducted a hearing on August 13, 2018, at which time the court informed the Petitioner that he brought him to court to gain a better understanding of his pro se argument in his Rule 36.1 motion. The Petitioner referenced his affidavit in support of his Rule 36.1 motion, from which the court read, in relevant part, as follows: "I was afforded for the first time, my only opportunity, to examine the plea's contents and see for myself the written construction of the State's offer[], but unknown to me, fraudulent and illegal agreement prepared by the prosecuting attorney." The trial court asked the Petitioner what the implication of the statement was, and the

Petitioner responded, "It means that the indictment encompassed within its terms, counts 1, 4, 5, and 8, as a material component to the indictment, the time of offense, which incorporated the time including July 1, 2007, through 2- -- through the end of year of '09, this time is jurisdictional to the extent that a sentencing imposition of 15 to 25 years, the prior repealed law, is not applicable to this time." The Petitioner argued that, as a result, his plea agreement was illegal, and, as such, should be dismissed. He further argued that his sentence should be vacated, and double jeopardy would bar a subsequent prosecution. The trial judge informed the Petitioner that he was "wrong" and that the Petitioner was "proceeding under misguided facts." After additional questions from the State, the trial court denied the motion for failure to state a colorable claim of relief.

On August 30, 2018, the Petitioner filed a "Motion for the Court to Reconsider Its Order and Amend the Order by Granting Relief from the Now Current Fatal Error Sentences, the State's Fraud, and False Imprisonment of Movant's Person." On September 4, 2018, the Petitioner filed a timely notice of appeal.

## ANALYSIS

As we understand the Petitioner's pro se brief, in this appeal, the Petitioner contends that the trial court erred in finding (1) that the Petitioner did not state a colorable claim for relief in his motion and (2) that he did not receive an illegal sentence.[1] The Petitioner insists that the State used the incorrect sentencing scheme for rape of a child in charging the Petitioner; that there is no factual basis in the record to support the fact that the offenses in counts 1, 4, 5, and 8 occurred prior to the change in the law; and that he should have been charged under the later version of the rape of a child statute. In response, the State argues, and we agree, that the trial court properly denied the petitioner's motion.

We resolve this case guided by Rule 36.1, which allows a petitioner or the State to seek the correction of an unexpired illegal sentence. See Tenn. R. Crim. P. 36.1(a)(1); State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, the petitioner must establish a colorable claim that the sentence is illegal. Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is a claim "that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). The determination of whether a Rule 36.1 motion states a colorable claim is a

---

[1] We have rephrased the Petitioner's issues for clarity.

- 3 -

question of law, which this court reviews de novo.  Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)).

In denying relief in this case, the trial court stated as follows:

I find that Rule 36.1 is to void a sentence that is illegal on its face.  I find that there is no colorable claim as stated by the [Petitioner] in his argument in court today and based on his very detailed pleading, along with an affidavit.  The indictment alleges the date of the crimes between on or about 2007 and on or about 2009, and there are multiple counts in this indictment as we see frequently in child abuse crimes, because sometimes that's just about as definite as you can get.  Now, that date is constitutional.  There's nothing invalid about that particular time frame and nothing that would create a mandatory dismissal under the law violating due process.

The [Petitioner] argues that because the matters occurred in 2008 and 2009 and the indictment didn't specifically state that, that this voids the entire plea and sentence that was imposed on May 23, 2013.  I disagree completely with the [Petitioner's] view of colorable claim.  As I stated, the indictment specifically sets out in detail, as well as can be set out under the circumstances, the dates for multiple, multiple sexual offenses against a child.

In the guilty plea the prosecutor specifically sets out four crimes that occurred before the change of the law.  Others occurred after the change of the law on a Class A rape of a child.  The Court finds that the correct legal application was made at that time because the [Petitioner] could not be sentenced to something greater and it was made greater after the crime alleged to have occurred.  He should have been sentenced under the law as it applied when these senten—when these offenses occurred.  In doing that, the [Petitioner] was given a benefit of ten years less than what the new sentence provided.

Further, the plea agreement specifically provided that the [Petitioner] would not be referred to other state jurisdictions or federal jurisdiction for possible crimes involving sexual abuse and child pornography in other jurisdictions. The State made a very thorough and specific statement of an evidentiary basis for the guilty pleas.  The [Petitioner] and the--his defense attorney pursued this plea, agreed in this plea, and it's set out there completely in the transcript, and it's clear that this was done to benefit the

- 4 -

[Petitioner]. The law was followed, and there is no colorable claim to show that the judgment and plea was void on its face.

We agree with the order of the trial court. Here, the Petitioner appears to be laboring under the mistaken belief that his convictions for rape of a child in counts 1, 4, 5, and 8 are void or illegal because he was sentenced under a law that was repealed. He is not entitled to relief on multiple grounds. It should be noted at the outset that the guilty plea colloquy as well as the judgment forms provide the date for these counts of conviction as between January 1, 2007, and December 31, 2009. As the trial court explained, the mandatory minimum sentence for rape of a child, a Class A felony, that was in effect prior to July 1, 2007, was not less than fifteen nor more than twenty-five years. See Tenn. Code Ann. §§ 39-15-522 (2007), 40-35-112(a)(1). After July 1, 2007, the mandatory minimum sentence for rape of a child became twenty-five years. Tenn. Code Ann. §39-13-522 (2007-2011). "When a penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, the offense, as defined by the statute or act being repealed or amended, committed while the statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense." Tenn. Code Ann. § 39-11-112; see also State v. Larry Wade Gibson, No. E2003-02102-CCA-R3-CD, 2004 WL 2827000, at *3 (Tenn. Crim. App. Dec. 9, 2004) (holding that it would be a violation of the Tennessee Constitution's Ex Post Facto Clause if a defendant was sentenced under a law "that changes the punishment or inflicts a greater punishment than the law annexed to the crime when it was committed")(citing Miller v. State, 584 S.W.2d 758, 761 (Tenn. 1979)); State v. William "Bill" Douglas Farr, Sr., M2016-01216-CCA-R3-CD, 2017 WL 4280701, at *8 (Tenn. Crim. App. Sept. 26, 2017).

Moreover, to the extent that the Petitioner is now attempting to collaterally attack his guilty plea, he is also not entitled to relief. See State v. Ronnie Walls, No. M2018-00903-CCA-R3-CD, 2019 WL 2183774, at *3 (Tenn. Crim. App. May 21, 2019) (holding that Rule 36.1 of the Tennessee Rules of Criminal Procedure is not the proper vehicle to collaterally attack a guilty plea)(citing Carpenter v. State, 136 S.W.3d 608, 609 (Tenn. 2004)); see also State v. Hoover, 215 S.W.3d 776, 779 (Tenn. 2007)(holding that the overall punishment range authorized for the plea offense is what controls the determination of whether an agreed sentence is legal); Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997)(holding that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility"). Accordingly, we agree with the trial court and conclude that the Petitioner has not stated a colorable claim for relief and, as such, is not entitled to relief under Rule 36.1.

## CONCLUSION

- 5 -

Based on the above reasoning and authority, we affirm the judgment of the trial court.

_____
CAMILLE R. MCMULLEN, JUDGE