IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 15, 2020

**ANTHONY DOWLEN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Rutherford County
No. 69958, 70468A  David M. Bragg, Judge**

_____

**No. M2019-00631-CCA-R3-PC**

_____

The petitioner, Anthony Dowlen, appeals the summary dismissal of his petition for post-conviction relief, arguing the petition stated a colorable claim for relief and the post-conviction court erred in dismissing the petition without the appointment of counsel. Following our review, we find the trial court erred in dismissing the petition as it stated a colorable claim thus warranting the appointment of counsel. Accordingly, we reverse the order of summary dismissal and remand the case for further proceedings pursuant to the Post-Conviction Procedure Act.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

J. ROSS DYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Anthony Rodrickus Dowlen, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Shawn Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

This post-conviction appeal stems from the revocation of the petitioner's twenty-five-year community corrections sentence. On September 5, 2014, the petitioner pled guilty in case numbers 69958 and 70468A, to robbery, misdemeanor evading arrest, felony failure to appear, and being a convicted felon in possession of a handgun, and the trial court imposed an effective twenty-five-year sentence. Tenn. Code Ann. §§ 39-13-

401; -16-603; -16-609; -17-1307. Under the terms of the guilty plea, the petitioner was required to serve one year in confinement with the remainder of his sentence to be served on community corrections. On August 15, 2016, however, the trial court determined the petitioner "had violated his community corrections by testing positive for drugs and not reporting for a 'significant period of time.'" *State v. Anthony Dowlen*, No. M2016-01830-CCA-R3-CD, 2017 WL 3396549, at *2 (Tenn. Crim. App. Aug. 8, 2017). As a result, the trial court ordered the petitioner to serve the remainder of his sentence in confinement.[1]

In the following months, the petitioner appealed the revocation order and filed a pro se petition for post-conviction relief. The trial court dismissed the petitioner's post-conviction petition due to the pending appeal. In an opinion issued on August 8, 2017, this Court affirmed the trial court's revocation order and imposition of the remainder of the petitioner's sentence to be served in confinement. *Id.* at *2-3.

Precisely one year later, on August 8, 2018, the petitioner filed a second pro se petition for post-conviction relief. In the petition, the petitioner attacked both guilty plea and revocation counsels' handling of his case.[2] As it relates to revocation counsel, the petitioner alleged he was denied the effective assistance of counsel and that he was entitled to relief based upon "other grounds." In support of his "other grounds" assertion, the petitioner detailed numerous due process violations he alleged occurred during the revocation hearing. Specifically, the petitioner argued he was only afforded a final hearing, the "revocation hearing was held by the same District Attorney and [j]udge that gave me 25 years," the revocation was based upon "a drug test that was never seen in court," and he was not allowed to cross-examine the probation officer that prepared the report upon which revocation relied. As a result, the petitioner alleged the trial court "violated my Community Corrections for nothing and violated my 'due process' because they have no laboratory test to prove that I fail[ed]." Finally, the petitioner asserted that revocation counsel failed to adequately represent him and that the trial court denied his request to remove revocation counsel from his case.

Upon its review, the post-conviction court entered an order summarily dismissing the petition for failure to state a colorable claim. The post-conviction court determined the petitioner was not entitled to relief because the claims attacking his original convictions were time-barred and the claims attacking the revocation of his community corrections sentence were previously adjudicated on the merits on direct appeal. In response and instead of filing a notice of appeal, the petitioner filed a "Motion to Set

---

[1] In imposing the effective twenty-five-year sentence, the trial court ordered the petitioner to "receive credit for that time that he was successful during his Community Corrections sentence."

[2] The petitioner's claims against guilty plea counsel are undoubtedly time-barred and not at issue in this appeal. Therefore, we will not detail those claims in this opinion.

Aside Judgment Pursuant to Rule 60.02 Tenn. R. Civ. P." and a "Motion to Render a Decision Pursuant to Tennessee Rule of Supreme Court Rule 11." The post-conviction court considered the motion to set aside the judgment as an effort by the petitioner to reopen his post-conviction claims. Tenn. Code Ann. § 40-30-117. Relying on its previous determinations, the post-conviction court again denied relief on March 18, 2019, and the petitioner appealed from that order on April 8, 2019. The State filed a motion to dismiss the petitioner's post-conviction appeal for lack of jurisdiction. We, however, waived the petitioner's untimely filing pursuant to Rule 4 of Appellate Procedure in an order entered on October 24, 2019. Tenn. R. App. 4 (a). In doing so, this Court denied the State's motion to dismiss the appeal and instructed the State to address whether the post-conviction court erred in denying the petitioner's claim of ineffective assistance of revocation counsel. This issue is now properly before this Court.

### *Analysis*

On appeal, the petitioner argues the post-conviction court erred in summarily dismissing his petition for failing to state a colorable claim for relief. The petitioner asserts the trial court deprived him of the appointment of counsel and the opportunity to amend the petition. The State asserts the trial court properly dismissed the petition, noting "the petitioner did not include any specific allegations of fact to support his claim of ineffective assistance of counsel." Upon our review of the record, we agree with the petitioner.

The Post-Conviction Procedure Act provides relief to a petitioner "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Under the Act, a petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106 (d). "A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." *Id.* "Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition," unless the petition was filed pro se. *Id.* "If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed." *Id.* If the following amended petition is deemed incomplete and upon a finding of indigency, the court may appoint counsel and enter an order to secure the filing of a complete petition. *Id.* (e).

The Tennessee Supreme Court outlined a three-step process for post-conviction courts to follow in determining whether a petition for post-conviction relief warrants a

hearing. *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). The first step of the review process is relevant to this appeal and requires the post-conviction court to review the factual allegations in a petition to determine if it presents a colorable claim. *Id.* "A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. R. Sup. Ct. Rule 28, § 2. Therefore, "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." Tenn. Code Ann. § 40-30-106 (f). In this context, "a pro se petitioner is held to a less rigid standard than a formal pleading drafted by an attorney." *Jerome Lionel Price v. State*, No. M2010-01633-CCA-R3-PC, 2011 WL 2671821, at *3 (Tenn. Crim. App. July 7, 2011) (citing *Allen v. State*, 854 S.W.2d 873, 875 (Tenn. 1993)). "If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel." *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988). Whereas, if "a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing." *Givens v. State*, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985) (citing Tenn. Code Ann. § 40-30-109). Dismissal of a post-conviction petition is an issue of law and this Court reviews the post-conviction court's decision de novo. *Price*, 2011 WL 2671821, at *3 (citations omitted).

Here, the petitioner filed a pro se petition for post-conviction relief wherein he alleged that revocation counsel was ineffective and that he suffered numerous due process violations during the revocation process. The post-conviction court summarily dismissed the petition for failure to state a colorable claim for relief. The post-conviction court based the dismissal upon this Court's opinion on direct appeal which affirmed the revocation of the petitioner's community corrections sentence. *Anthony Dowlen*, 2017 WL 3396549, at *2. However, our Supreme Court has made clear that "the issue of ineffective assistance of counsel in a revocation of a community corrections sentence may be raised in a post-conviction proceeding." *Carpenter v. State*, 136 S.W.3d 608, 612 (Tenn. 2004). Accordingly, when the petitioner alleged he received ineffective assistance of counsel during his revocation hearing, he raised a colorable claim for relief, and the post-conviction court erred in finding otherwise. Upon the finding of a colorable claim, the Post-Conviction Procedure Act permits the post-conviction court to "afford an indigent pro se petitioner the opportunity to have counsel appointed and to amend the petition, if necessary." *Burnett*, 92 S.W.3d at 407; Tenn. Code Ann. § 40-30-106 (e). Accordingly, the post-conviction court erred in dismissing the petition as the petitioner asserted a colorable claim for relief and was entitled to the appointment of counsel as a result. Therefore, we reverse the order summarily dismissing the petition and remand the case for further proceedings pursuant to the Post-Conviction Procedure Act.

Furthermore, our review of the record from the revocation appeal indicates the trial court revoked the petitioner's community corrections sentence and ordered him to serve the remainder of the effective twenty-five-year sentence in confinement. The written order, however, states the petitioner is to serve a period of five years rather than twenty-five years. Therefore, upon remand, the trial court should review and correct the revocation order to reflect the imposition of the effective twenty-five-year sentence.

### *Conclusion*

Based on the foregoing authorities and reasoning, the judgment of the post-conviction court is reversed and we remand the case for further proceedings consistent with the Post-Conviction Procedure Act.

_____
J. ROSS DYER, JUDGE